OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, the complaint dismissed, the preliminary injunction vacated, and the question certified answered in the negative.
Plaintiff, a Florida-based bank acting as personal representative of the estate of the late playwright Tennessee Williams, a Florida domiciliary at the time of his death, commenced this action to enjoin defendants, the owners of a theatre located on West 48th Street in Manhattan, from renaming the theatre the "Tennessee Williams.” In its complaint, plaintiff alleges, among other things, that the renaming of the theatre without its consent violates the decedent’s descendible right of publicity.
Special Term granted plaintiffs motion for a preliminary injunction and denied defendant’s cross motion to dismiss the complaint. That order has been affirmed by the Appellate Division, First Department, which granted leave to appeal on a certified question. We now reverse.
The parties have assumed that the substantive law of New *912 York is dispositive of the appeal and have addressed Florida law only tangentially. Both Special Term and the Appellate Division decided the case under what they believed to be New York law. In doing so, all have overlooked the applicable choice of law principle (cf. James v Powell, 19 NY2d 249, 256), followed by both New York and Florida, that questions concerning personal property rights are to be determined by reference to the substantive law of the decedent’s domicile (EPTL 3-5.1 [b] [2]; [e]; Matter of Fabbri, 2 NY2d 236, 239; Quintana v Ordono, 195 So 2d 577 [Fla App], cert discharged 202 So 2d 178 [Fla]; In re Tim’s Estate, 161 So 2d 40 [Fla App], decree quashed on other grounds 180 So 2d 161 [Fla], judgment conformed to 180 So 2d 502 [Fla App], cert denied sub nom. Rudawski v Florida, 384 US 952; see also, Restatement [Second] of Conflict of Laws § 263; Weintraub, Conflict of Laws §§ 2.13, 8.25 [2d ed]). For choice of law purposes, at least, rights of publicity constitute personalty (see, Acme Circus Operating Co. v Kuperstock, 711 F2d 1538, 1541; Groucho Marx Prods. v Day & Night Co., 689 F2d 317; Factors Etc. v Pro Arts, 652 F2d 278, cert denied 456 US 927).
Under Florida law (Fla Stats Ann § 540.08), only one to whom a license has been issued during decedent’s lifetime and the decedent’s surviving spouse and children possess a descendible right of publicity, which is extremely limited and which Florida courts have refused to extend beyond the contours of the statute (see, Loft v Fuller, 408 So 2d 619 [Fla App], review denied 419 So 2d 1198 [Fla]). Since Tennessee Williams did not have a surviving spouse or child and did not issue a license during his lifetime, plaintiff possesses no enforceable property right. In light of this holding, we do not pass upon the question of whether a common-law descendible right of publicity exists in this State.
We do not reach the merits of the remaining causes of action asserted in the complaint because plaintiff has no standing to assert them.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in memorandum.
Order reversed, etc.