■ ROBERT M. WEICHERT, Appellant, et al., Plaintiff, v CHRISTINE E. SHEA, Individually and as Representative of the Estate of ROBERT J. SHEA, Deceased, et al., Respondents.— Appeal unanimously dismissed without costs. Memorandum: Plaintiffs commenced this action pursuant to RPAPL article 15 to compel the determination of a claim to real property. The complaint alleges that defendants have exercised or asserted an interest in certain real property over which plaintiffs have an easement. Following joinder of issue, defendants Shea, Manville, individually and as an officer of Onon-Town Publishing Co., Inc., the Corner Office Building, Inc. and Farrell, Martin and Barnell, both individually and as the law partnership of the same name, cross-moved to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]). In support of their cross motion, the moving defendants asserted that they neither owned any real property adjoining plaintiffs' property nor did they claim any interest in any property over which plaintiffs claimed an easement. After giving adequate notice to the parties, Supreme Court treated the cross motion as one seeking summary judgment (CPLR 3211 [c]) and issued an order "extinguishing any estate or interest that said defendants might claim relative to the easement which is the subject of the complaint herein". Plaintiff Robert M. Weichert appeals.

A party, who has successfully obtained an order in its favor granting the full relief sought, is not aggrieved by it and therefore has no right to appeal (CPLR 5511; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 544-545). In determining defendants' application, Supreme Court properly declared the

rights of the parties *(see,* RPAPL 1521 [1]; *Keller v Village of Castleton-on-Hudson,* 173 AD2d 979). Because the order declared the invalidity of any claim, interest or estate which the cross-moving defendants might have relative to plaintiffs' easement, plaintiffs secured the very relief sought in their complaint. Inasmuch as plaintiff is not aggrieved by the order, his appeal is dismissed. Defendants' application for an award of sanctions against the *pro se* plaintiff for the prosecution of the appeal is denied. (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present— Denman, P. J., Boomer, Balio, Lawton and Fallon, JJ.