■ Alan Kagan et al., Plaintiffs, v Arnold M. Jacobs, Defendant and Third-Party Plaintiff-Respondent. Robert Spring, Third-Party Defendant-Appellant. [687 NYS2d 732] —In an action to recover damages for legal malpractice, the third-party defendant appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 26, 1998, as denied that branch of his motion which was for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the third-party complaint is granted, and the third-party complaint is dismissed.

The third-party defendant established his entitlement to judgment as a matter of law. In opposition, the third-party plaintiff failed to demonstrate a right to common-law indemnification from the appellant. The predicate for common-law indemnity is vicarious liability without fault on the part of the proposed indemnitee, and it follows that a party who has itself participated to some degree in the wrongdoing cannot receive the benefit of the doctrine (*see, Henderson v Waldbaums,* 149 AD2d 461; *County of Westchester v Becket Assocs.,* 102 AD2d 34, *affd* 66 NY2d 642). Since the third-party plaintiff actually

participated to some degree in the alleged wrongdoing, he cannot claim indemnification. Furthermore, any claim by the third-party plaintiff for contribution from the appellant is barred by General Obligations Law § 15-108 (b) since the plaintiffs gave the appellant a general release. Thus, the appellant was entitled to summary judgment dismissing the third-party complaint. Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.