■ DAVID PERRON et al., Plaintiffs, v HENDRICKSON / SCALAMANDRE / POSILLICO (TV), Appellant, ESCHBACHER & ASSOCIATES et al., Respondents, et al., Defendants. (And a Third-Party Action.) [739 NYS2d 402] —In an action to recover damages for personal injuries, etc., the defendant Hendrickson/Scalamandre/Posillico (TV) appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated September 13, 2000, which granted the separate motions of the defendants Eschbacher & Associates and SCI Engineering & Surveying, P.C., for summary judgment on their respective cross claims for indemnification against it.

Ordered that the order is reversed, on the law, with costs, and the motions are denied.

The facts in this appeal are the same as those set forth in a related appeal (*see, Perron v Hendrickson / Scalamandre / Posillico [TV],* 283 AD2d 627). The defendant Hendrickson/Scalamdre/Posillico (TV) (hereinafter HSP) was the general contractor on a construction project for the New York Department of Transportation (hereinafter the DOT). Pursuant to the

construction contract between the DOT and HSP (hereinafter the construction contract), HSP was required to indemnify and purchase liability insurance covering, among others, certain consultants separately retained by the DOT. The DOT retained several consultants. Pursuant to the agreement between the DOT and the consultants, each consultant was to purchase its own liability insurance. The defendants Eschbacher & Associates (hereinafter Eschbacher) and SCI Engineering and Surveying P.C. (hereinafter SCI) were retained as subconsultants.

The plaintiff David Perron allegedly sustained personal injuries in the course of his employment on the construction site. He and his wife commenced this action against, among others, HSP, Eschbacher, and SCI, alleging, inter alia, unsafe conditions at the site. Eschbacher and SCI separately moved for summary judgment against HSP on their respective cross claims for indemnification. They argued that the Supreme Court determined that they were the intended beneficiaries of the construction contract between HSP and the DOT when it granted the motions of the other consultants for summary judgment against HSP on their respective cross claims for indemnification. They claimed that, as consultants, they stood in the same position as the other consultants and the terms of the insurance procurement provision of the construction contract requiring HSP to obtain liability insurance coverage for all consulting engineers indicated an intent to benefit them. Relying primarily on its prior order, the Supreme Court granted the motions.

This Court subsequently reversed the order relied on by the Supreme Court. Although this Court's order is not the law of the case because the precise question as to whether Eschbacher and SCI were third-party beneficiaries was not resolved (*see, Gilligan v Reers,* 255 AD2d 486), their separate motions for summary judgment against HSP on their respective cross claims for indemnification must be denied. Eschbacher and SCI failed to show that, as a matter of law, they were the intended third-party beneficiaries of the insurance procurement provision of the construction contract, and thus, entitled to enforce it and/or be compensated for damages for breach of any of its provisions (*see, Perron v Hendrickson/Scalamandre/ Posillico [TV], supra*). Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.