RAYMOND A. GAY, Appellant-Respondent, v RALPH FARELLA et al., Respondents, and MEDI-RAY, INC., Respondent-Appellant. [772 NYS2d 871]—

In an action, inter alia, to recover damages for violation of Labor Law § 740, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered October 8, 2002, as granted those branches of the defendants' motion which were to dismiss the first, second, third, and fifth causes of action set forth in the amended complaint insofar as asserted against the defendants Ralph Farella, Barry N. Dansky, and John Farella, and the

second, third, and fifth causes of action set forth in the amended complaint insofar as asserted against the defendant Medi-Ray, Inc., and the defendant Medi-Ray, Inc., cross-appeals from so much of the same order as denied that branch of the motion which was to dismiss the first cause of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court did not violate the doctrine of law of the case by dismissing the second, third, and fifth causes of action in the amended complaint, and the first cause of action in the amended complaint insofar as asserted against the individual defendants. The doctrine of law of the case "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision" (*Baldasano v Bank of N.Y.,* 199 AD2d 184, 185 [1993]; *D'Amato v Access Mfg.,* 305 AD2d 447 [2003]; *see also Gilligan v Reers,* 255 AD2d 486 [1998]). Here, a prior order of the Supreme Court denied the defendants' motion to dismiss the original complaint, and granted the plaintiff leave to serve an amended complaint. Since the original complaint was superseded by the amended complaint, rendering the sufficiency of the allegations in the original complaint academic (*see Chalasani v Neuman,* 64 NY2d 879 [1985]; *Titus v Titus,* 275 AD2d 409 [2000]; *Morris v Goldstein,* 223 AD2d 582, 583 [1996]), the Law of the Case doctrine did not bar the Supreme Court from entertaining the defendants' motion to dismiss the amended complaint. Moreover, the prior order denying the defendants' motion to dismiss the original complaint and granting the plaintiff leave to serve the amended complaint did not address the merits of the parties' arguments (*see D'Amato v Access Mfg., supra; Perron v Hendrickson/Scalamandre/Posillico [TV],* 292 AD2d 361 [2002]).

Contrary to the contention of the defendant Medi-Ray, Inc., the Supreme Court properly denied that branch of the defendants' motion which sought to dismiss the first cause of action to recover damages for violation of Labor Law § 740 insofar as asserted against it. In order to sustain a cause of action predicated upon Labor Law § 740, known as the "whistleblowers' statute," a plaintiff must plead and prove that his or her employer engaged in an activity, policy, or practice that constituted an actual violation of law, rule, or regulation (*see Bordell v General Elec. Co.,* 88 NY2d 869 [1996]; *Quirk v Emergency Hous. Group,* 305 AD2d 390 [2003], *lv denied* 100 NY2d 514 [2003]; *Khan v State Univ. of N.Y. Health Science Ctr. at*

*Brooklyn,* 288 AD2d 350 [2001]; *Pail v Precise Imports Corp.,* 256 AD2d 73 [1998]). Here, the plaintiff's allegations that Medi-Ray, Inc., violated specific federal and state safety and health guidelines by improperly manufacturing and storing lead containers containing radioactive materials, and causing lead paint and toxic chemicals to leach into the surrounding water supply, were sufficient to sustain a cause of action for violation of the statute (*see Dobson v Loos,* 277 AD2d 1013 [2000]; *Finkelstein v Cornell Univ. Med. Coll.,* 269 AD2d 114 [2000]). Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.