■ In the Matter of BRAD SALTZMAN et al., Appellants, v BOARD OF APPEALS OF VILLAGE OF ROSLYN et al., Respondents. [811 NYS2d 99]—

In a proceeding pursuant to CPLR article 78, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Bucaria, J.), dated July 8, 2004, which, after a hearing to determine the validity of service process, granted the cross motion of the Board of Appeals of Village of Roslyn and the Village of Roslyn Estates to dismiss the proceeding and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly credited the testimony of the Deputy Village Clerk at the hearing that she received service of process only once, on June 28, 2002, six days after the time allowed for service (*see* Village Law § 7-712-c [1]; CPLR 306-b). The determination of a trier of fact at a hearing is entitled to great deference on appeal and will not be disturbed unless it is against the weight of the credible evidence (*see Greenpoint Sav. Bank v Patel,* 267 AD2d 204 [1999]; *Nagib v Tolette-Velcek,* 133 AD2d 72 [1987]). Under the circumstances, it cannot be said that the hearing court's determination was against the weight of the credible evidence. Accordingly, the Supreme Court properly dismissed the proceeding as the statute of limitations had run.

The petitioners never moved for an extension of time for ser-

vice pursuant to CPLR 306-b and only made a request for such an extension in a memorandum a year and a half after the respondents made their cross motion to dismiss. In addition, it does not appear that the petitioners were diligent in attempting to serve the Village Clerk (*see* Public Officers Law § 9; CPLR 312). Thus, the petitioners were not entitled to an extension of time for service pursuant to CPLR 306-b based on good cause or in the interest of justice (*see Leader v Maroney, Ponzini & Spencer,* 97 NY2d 95 [2001]; *Burwell v Yonkers Gen. Hosp.,* 6 AD3d 478 [2004]). Schmidt, J.P., Krausman, Luciano and Mastro, JJ., concur.