■ In the Matter of Syed Habib, Appellant, v Motor Vehicle Accident Indemnification Corporation, Respondent, and American Transit Insurance Company et al., Respondents. [816 NYS2d 553]—

In a proceeding pursuant to Insurance Law § 5218 for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation or, in the alternative, for a hearing to determine whether the vehicle operated by Francisco Salcedo, owned by Livo Car, Inc., and insured by American Transit Insurance Company was involved in the subject accident, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Rios, J.), entered September 13, 2005, as upon a determination, after a hearing, that a prima facie case that the alleged offending vehicle was involved in the subject accident was not established, dismissed the amended petition insofar as asserted against the respondents Francisco Salcedo, Livo Car, Inc., and American Transit Insurance Company.

Ordered that the appeal is dismissed, with one bill of costs to the respondent American Transit Insurance Company, and the respondents Livo Car, Inc., and Francisco Salcedo, appearing separately and filing separate briefs.

On February 28, 2005 a hearing was conducted to determine whether the vehicle operated by the respondent Francisco Salcedo, owned by the respondent Livo Car, Inc. (hereinafter Livo), and insured by the respondent American Transit Insurance Company (hereinafter American Transit) was the vehicle that struck the petitioner as he was walking across the street and then fled the scene without stopping. At the conclusion of the hearing, the Supreme Court granted the petitioner leave to

commence an action against the respondent Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC) as he failed to establish a prima facie case that the alleged offending vehicle was involved in the subject accident. After the Supreme Court's determination but before the entry of judgment, the petitioner settled his claim against MVAIC without actually commencing an action.

As the petitioner received the full relief he sought in this proceeding, leave to commence suit against MVAIC and a hearing, he is not aggrieved by the judgment. Accordingly, the appeal must be dismissed (*see* CPLR 5511; *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 473 [1986]; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545 [1983]; *Hayden v Catholic Home Bur.*, 298 AD2d 557 [2002]; *M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488, 489 [1995]; *Weichert v Shea*, 186 AD2d 992 [1992]). Santucci, J.P., Spolzino, Lifson and Covello, JJ., concur.