In the Matter of EDWARD MICHAEL THOMAS, Also Known as EDWARD M. THOMAS, Deceased. EILEEN THOMAS, Respondent; MAUREEN PAGE, Appellant. [883 NYS2d 234]—

In a proceeding for leave to serve and file a late notice of election against the decedent's estate, Maureen Page, the designated beneficiary of the decedent's pension with the New York City Employees' Retirement System, appeals, as limited by her brief, from so much of a decree of the Surrogate's Court, Orange County (Berry, S.), dated March 10, 2008, as, upon an order of the same court (Slobod, S.), dated December 26, 2007, granting the motion of the petitioner, Eileen Thomas, the decedent's surviving spouse, to declare that she is entitled to one half of the survivor benefits of the decedent's pension with the New York City Employees' Retirement System pursuant to the laws of the State of Nevada, decreed that Maureen Page conceded that the petitioner's interpretation of the community property law of the State of Nevada is correct, and that the petitioner is entitled to one half of the survivor benefits of the decdent's pension with the New York City Employees' Retirement System.

Ordered that the notice of appeal from the order dated December 26, 2007, is deemed to be a premature notice of appeal from the decree dated March 10, 2008 (*see* CPLR 5520 [c]); and it is further,

Ordered that the decree is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Surrogate's Court, Orange County, for further proceedings in accordance herewith, and the order is modified accordingly.

When he died on February 1, 2004, the decedent, Edward Michael Thomas, also known as Edward M. Thomas (hereinafter the decedent), was married to Eileen Thomas (hereinafter Thomas). However, prior to his death, the decedent, a member of the New York City Employees' Retirement System (hereinafter NYCERS), had designated his paramour, Maureen Page, as

the sole beneficiary of the survivor benefits under his NYCERS pension plan. Thomas was subsequently appointed as the adminstratrix of the decedent's estate by the Surrogate's Court, Orange County, apparently because the marital domicile had been located in Orange County. Page challenged that determination, and although the Surrogate did not vacate the letters of administration issued to Thomas, as Page requested, it did agree with her that at the time the decedent died, he was domiciled in the State of Nevada. In an order dated December 26, 2007, the Surrogate (1) rejected Page's argument that, under a choice of law analysis, New York law applied; (2) determined that, pursuant to EPTL 3-5.1, Nevada law applied with respect to Thomas's claim to the residuary benefit of the NYCERS plan; (3) found that Page had conceded the correctness of Thomas's interpretation of Nevada community property law; and (4) determined that, under Nevada community property law, as interpreted by Thomas, Thomas was entitled to one half of the residuary benefits under the subject NYCERS plan. Thereafter, in a decree dated March 10, 2008, the Surrogate, upon the order, decreed, inter alia, that Thomas was entitled to one half of the residuary benefits under the subject NYCERS plan. Page appeals, as limited by her brief, from so much of the decree, as, upon the order, determined that she had conceded the correctness of Thomas's interpretation of Nevada community property law, and that Thomas was entitled, under Nevada community property law, to one half of the residuary benefits under the subject NYCERS plan. We reverse the decree insofar as appealed from.

At the outset, since Page never received the full relief she sought in her cross motion to vacate the letters of administration issued to Thomas, and since the resulting decree effectively reduced, by one half, Page's residuary benefits under the decedent's NYCERS plan, she was aggrieved by the decree (*cf.* CPLR 5511; *T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862 [1997]; *Village of Croton-on-Hudson v Northeast Interchange Ry., LLC*, 46 AD3d 546, 548 [2007]; *Matter of Habib v Motor Veh. Acc. Indem. Corp.*, 30 AD3d 422 [2006]).

On appeal, the parties do not dispute that, at the time of the decedent's death, he was domiciled in the State of Nevada. Accordingly, Nevada law applies, since "[t]he intrinsic validity, effect, revocation or alteration of a testamentary disposition of personal property, and the manner in which such property devolves when not disposed of by will, are determined by the law of the jurisdiction in which the decedent was domiciled at death" (EPTL 3-5.1 [b] [2]; *see Southeast Bank v Lawrence*, 66 NY2d 910, 912 [1985]). Title 11 of Nevada Revised Statutes An-

notated (hereinafter NRS), which governs "Domestic Relations," defines community property, in pertinent part, as follows:

"All property, other than that stated in NRS 123.130, *acquired after marriage* by either husband or wife, or both, is community property unless otherwise provided by:

"1. An agreement in writing between the spouses, which is effective only as between them.

"2. A decree of separate maintenance issued by a court of competent jurisdiction" (NRS 123.220 [emphasis added]).

In pertinent part, NRS 123.130 provides, "[a]ll property of the husband owned by him before marriage, and that acquired by him afterwards by gift, bequest, devise, descent or by an award for personal injury damages, with the rents, issues and profits thereof, is his separate property" (NRS 123.130 [2]). Further, in pertinent part, NRS 123.250, entitled "[o]wnership of survivor upon death of spouse; disposal by will of decedent," provides as follows:

"1. . . . upon the death of either husband or wife:

"(a) An undivided one-half interest in the community property is the property of the surviving spouse and his or her sole separate property.

"(b) The remaining interest:

"(1) Is subject to the testamentary disposition of the decedent or, in the absence of such a testamentary disposition, goes to the surviving spouse; and

"(2) Is the only portion subject to administration under the provisions of title 12 of NRS [governing wills and estates of deceased persons]" (NRS 123.250 [1]).

We agree with the Surrogate that the residuary benefits of the decedent's NYCERS pension plan may be deemed community property under NRS 123.220, and would therefore be distributable pursuant to NRS 123.250 (1) (a). However, contrary to the Surrogate's implicit finding, the record does not contain determinative evidence on when the decedent first became a NYCERS member and when he married Thomas. Indeed, neither the papers submitted by Thomas in support of her motion nor Page's opposition papers contain admissible evidence on those points. Thus, contrary to the determination of the Surrogate, the record does not support the finding that the entirety of the decedent's NYCERS pension plan benefits should be considered community property under Nevada law. Accordingly, the matter must be remitted to the Surrogate's Court, Orange County, for further proceedings to determine what part

of the decedent's NYCERS pension benefits were acquired by him after his marriage to Thomas, and the entry thereafter of an appropriate amended decree that allocates to Thomas one half of that percentage pursuant to NRS 123.220 and 123.250 (1), beginning from the date of the decedent's death on February 1, 2004, until such benefits terminate under NYCERS provisions.

The appellant's remaining contentions either are without merit or need not be considered in light of our determination. Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.