■ Myra Lehman, Respondent, v North Greenwich Landscaping, LLC, Respondent, and Horton School Associates, Appellant. [887 NYS2d 133]—

In an action to recover damages for personal injuries, the defendant Horton School Associates appeals from (1) an order of the Supreme Court, Westchester County (Nicolai, J.), entered May 9, 2008, which denied its motion pursuant to CPLR 3211 (a) (5) and (8) to dismiss the complaint and all cross claims insofar as asserted against it for lack of personal jurisdiction and as time-barred, and (2) an order of the same court entered August 29, 2008, which denied its motion for leave to reargue.

Ordered that the order entered May 9, 2008 is reversed, on the law, and the appellant's motion pursuant to CPLR 3211 (a) (5) and (8) to dismiss the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the appeal from the order entered August 29, 2008 is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that one bill of costs is awarded to the appellant.

On February 26, 2003 the plaintiff allegedly slipped and fell on a patch of ice in a parking lot on property owned by the defendant Horton School Associates (hereinafter Horton). Horton

had retained the defendant North Greenwich Landscaping, LLC (hereinafter North Greenwich), to provide snow removal services at the premises. On February 22, 2006, three days prior to the expiration of the statute of limitations (*see* CPLR 214), the plaintiff commenced this action against Horton and North Greenwich by filing a summons and complaint in the Westchester County Clerk's office. It appears that North Greenwich was served before the expiration of the 120-day period provided for by CPLR 306-b; Horton, however, was not.

On November 28, 2007, more than one year and nine months after the action was commenced, the plaintiff made an oral application, in effect, pursuant to CPLR 311 (b) to permit her to serve the summons and complaint on Greater New York Mutual Insurance Company, the insurance carrier for Horton, claiming, inter alia, that Horton had been dissolved and there were no records regarding Horton with the Department of State. The Supreme Court, Westchester County (Liebowitz, J.), granted the plaintiff's application from the bench, directed substituted service, and so-ordered the transcript. On December 6, 2007 and December 13, 2007 the plaintiff mailed Horton's insurer copies of the summons and complaint and the so-ordered transcript. Horton served an answer with cross claim dated January 17, 2008, interposing, among others, the affirmative defenses of lack of personal jurisdiction and the statute of limitations.

By notice dated March 10, 2008, Horton moved pursuant to CPLR 3211 (a) (5) and (8) to dismiss the complaint and all cross claims insofar as asserted against it, contending that the Supreme Court did not have personal jurisdiction over it because the plaintiff had failed to timely effect service upon it within the 120-day period provided for by CPLR 306-b, and the applicable statute of limitations had run. By order entered May 9, 2008, the Supreme Court denied the motion on the ground that, as a court of coordinate jurisdiction, it was bound by the order permitting substituted service.

The Supreme Court erred in concluding that the doctrine of law of the case precluded the granting of Horton's motion to dismiss. The doctrine of law of the case "applies only to legal determinations that were necessarily resolved on the merits in [a] prior decision" (*Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1993]; *see Gay v Farella*, 5 AD3d 540, 541 [2004]; *D'Amato v Access Mfg.*, 305 AD2d 447, 448 [2003]). Here, the Court's prior order granting the plaintiff's motion to permit substituted service pursuant to CPLR 311 (b), did not address the merits of the parties' current arguments, i.e., that the plaintiff failed to effect service upon Horton within the 120-day period required

by CPLR 306-b and that the statute of limitations has expired (*see D'Amato v Access Mfg.*, 305 AD2d 447 [2003]; *Perron v Hendrickson/Scalamandre/Posillico [TV]*, 292 AD2d 361, 362 [2002]).

In any event, "the doctrine of law of the case is not binding upon an appellate court" (*Wynkoop v County of Nassau*, 139 AD2d 731, 732 [1988]; *see Donahue v Nassau County Healthcare Corp.*, 15 AD3d 332, 333 [2005]). It is undisputed that the plaintiff failed to comply with CPLR 306-b as she failed to effect service upon Horton within the 120-day period allowed by that statute (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 101 [2001]; *Riccio v Ghulam*, 29 AD3d 558, 560 [2006]). Moreover, the plaintiff did not cross-move pursuant to CPLR 306-b for leave to extend the time within which to serve Horton, and did not demonstrate facts that would support the grant of such relief (*see Velez v ABC Auto & Glass*, 65 AD3d 1138 [2009]; *Crystal v Lisnow*, 56 AD3d 713 [2008]; *Riccio v Ghulam*, 29 AD3d 558 [2006]; *Matter of Saltzman v Board of Appeals of Vil. of Roslyn*, 26 AD3d 505 [2006]). Since Horton was not timely served and the statute of limitations has expired, the Supreme Court should have granted Horton's motion which was to dismiss the complaint and all cross claims insofar as asserted against it pursuant to CPLR 3211 (a) (5) and (8) for lack of personal jurisdiction and as time-barred. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.