■ LAUREL ZIVIELLO et al., Respondents, v JOSEPH G. O'BOYLE et al., Defendants/Third-Party Plaintiffs-Respondents. BRETT A. PUNZI CONTRACTING CORP. et al., Third-Party Defendants-Appellants. [935 NYS2d 89]—

The plaintiffs commenced this action against the defendants Joseph G. O'Boyle and John T. O'Boyle (hereinafter together the O'Boyle defendants) and a separate action against Brett A. Punzi Contracting Corp. and Ernesto Gomez (hereinafter together the Punzi defendants) to recover, inter alia, damages for injuries allegedly sustained by the plaintiff Laurel Ziviello in two separate automobile accidents. The actions were joined for trial, and thereafter, in this action, the O'Boyle defendants commenced a third-party action against the Punzi defendants. The third-party complaint asserted a single cause of action for contribution, claiming that, if the plaintiffs were awarded damages

against the O'Boyle defendants, then the Punzi defendants were obligated to contribute to the judgment according to their proportionate share of fault. After the commencement of the third-party action, the plaintiffs reached a settlement with the Punzi defendants and executed a release in favor of the Punzi defendants and a stipulation discontinuing the action against the Punzi defendants. The Punzi defendants then moved, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the third-party complaint, claiming that the third-party action could not be maintained because of the release. The Supreme Court denied the motion. The Punzi defendants appeal. We reverse.

General Obligations Law § 15-108 (b) provides that: "A release given in good faith by the injured person to one tortfeasor as provided in [General Obligations Law § 15-108] (a) relieves him from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules." Here, the plaintiffs executed a release in favor of the Punzi defendants. There is no allegation that the release was not executed in good faith, and there is no evidence to support such a claim. Pursuant to the plain language of General Obligations Law § 15-108 (b), based upon the release, the Punzi defendants are relieved from liability to the O'Boyle defendants for contribution (see General Obligations Law § 15-108 [b]; see also *Boeke v Our Lady of Pompei School*, 73 AD3d 825, 827 [2010]; *Kagan v Jacobs*, 260 AD2d 442, 443 [1999]). Accordingly, the Supreme Court should have granted the Punzi defendants' motion, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the third-party complaint as barred by the release. Rivera, J.P., Angiolillo, Belen and Roman, JJ., concur.