■ SOUTH POINT, INC., Appellant, v THANYA REDMAN et al., Defendants, and HELEN M. PRESCOD, Respondent. [943 NYS2d 543]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Gavrin, J.), dated May 25, 2011, which denied its motion pursuant to CPLR 3211 (b) to dismiss the affirmative defense asserted by the defendant Helen M. Prescod and granted the application of the defendant Helen M. Prescod, in effect, pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee incurred in defense of the motion in the sum of $1,543.75.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated May 25, 2011, as granted the application of the defendant Helen M. Prescod, in effect, pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee incurred in defense of the plaintiff's motion in the sum of $1,543.75 is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [a]); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting the application of the defendant Helen M. Prescod, in effect, pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee incurred in defense of the plaintiff's motion in the sum of $1,543.75, and substituting therefor a provision denying the application; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court erred in determining that the doctrine of law of the case precluded the granting of the plaintiff's motion pursuant to CPLR 3211 (b) to dismiss the affirmative defense

asserted by the defendant Helen M. Prescod. The doctrine of law of the case "applies to determinations which were necessarily resolved on the merits in [a] prior order" (*Hampton Val. Farms, Inc. v Flower & Medalie*, 40 AD3d 699, 701 [2007]; *see Lehman v North Greenwich Landscaping, LLC*, 65 AD3d 1293, 1294 [2009]). Here, contrary to the Supreme Court's determination, the prior order at issue did not address the merits of Prescod's affirmative defense (*see Lehman v North Greenwich Landscaping, LLC*, 65 AD3d at 1294).

Nevertheless, we affirm the denial of the plaintiff's motion to dismiss Prescod's affirmative defense, albeit on a different ground from that relied upon by the Supreme Court (*see Montalvo v Nel Taxi Corp.*, 114 AD2d 494, 494 [1985]; *see also Menorah Nursing Home v Zukov*, 153 AD2d 13, 19 [1989]). "A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit" (CPLR 3211 [b]). Upon such a motion, the movant bears the burden of demonstrating that a defense is not stated or is without merit as a matter of law (*see Butler v Catinella*, 58 AD3d 145, 148 [2008]; *Vita v New York Waste Servs., LLC*, 34 AD3d 559, 559 [2006]). The nonmoving defendant is "entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed" (*Federici v Metropolis Night Club, Inc.*, 48 AD3d 741, 743 [2008]; *see Butler v Catinella*, 58 AD3d at 148).

Here, the plaintiff failed to satisfy its burden of demonstrating as a matter of law that the defense at issue was without merit. The defense was premised on Prescod's claim that she has a valid mortgage on the subject property with priority over the plaintiff's mortgage. Although the plaintiff raised numerous issues of fact regarding the validity of Prescod's mortgage, the manner in which it was procured, and the extent to which its existence was disclosed to the plaintiff's predecessor in interest, the plaintiff failed to offer evidence demonstrating as a matter of law that Prescod's defense was without merit (*cf. Vita v New York Waste Servs., LLC*, 34 AD3d at 559). Accordingly, the plaintiff was not entitled to the relief sought.

Although the plaintiff's motion was not ultimately meritorious, the plaintiff's motion cannot be characterized as frivolous, as it was neither "completely without merit in law" or fact nor undertaken primarily to delay or harass (22 NYCRR 130-1.1; *cf. Caplan v Tofel*, 65 AD3d 1180, 1181 [2009]). Accordingly, the Supreme Court improvidently exercised its discretion in granting Prescod's application, in effect, pursuant to 22 NYCRR

130-1.1 for an award of an attorney's fee incurred in defense of the plaintiff's motion in the sum of $1,543.75. Balkin, J.P., Belen, Hall and Miller, JJ., concur.