In a proceeding for leave to serve and file a late notice of election against the decedent’s estate, Maureen Page, the designated beneficiary of the decedent’s pension with the New York City Employees’ Retirement System, appeals (1), as limited by her brief, from so much of a decree of the Surrogate’s Court, Orange County (Onofry, S.), dated December 1, 2011, as, upon a decision and order of the same court dated June 10, 2011, determined that 80.98% of the survivor benefits of the decedent’s pension with the New York City Employees’ Retirement System was marital property subject to the community property laws of the State of Nevada and that the petitioner was entitled to 40.490% of such benefits, and (2) from a decree of the same court dated June 1, 2012, which awarded the petitioner the principal sum of $176,311.68.
Ordered that the decree dated December 1, 2011, is affirmed insofar as appealed from; and it is further,
Ordered that the decree dated June 1, 2012, is affirmed; and it is further,
Ordered that the petitioner is awarded one bill of costs.
The pertinent background facts are set forth in our decision on a prior appeal (see Matter of Thomas, 63 AD3d 1081 [2009]). In the prior decision, we held that the portion of the New York City Employees’ Retirement System (hereinafter NYCERS) pension benefits acquired by Edward Michael Thomas, also known as Edward M. Thomas (hereinafter the decedent), after he married Eileen Thomas (hereinafter the petitioner) was community property under Nevada law, and remitted the matter to the Sur *869 rogate’s Court, Orange County, for further proceedings to determine what part of the decedent’s survivor benefits under his NYCERS pension plan was acquired by him after his marriage to the petitioner, and the entry thereafter of an amended decree that allocates to the petitioner one half of that percentage pursuant to Nevada Revised Statutes §§ 123.220 and 123.250 (1), beginning from the date of the decedent’s death on February 1, 2004, until such benefits terminate under NYCERS provisions (see Matter of Thomas, 63 AD3d 1081 [2009]). Thus, the arguments raised on this appeal by Maureen Page, the designated beneficiary of the decedent’s NYCERS pension plan, that the survivor benefits of the decedent’s NYCERS pension plan are not subject to Nevada law, and alternatively, that the survivor benefits of the decedent’s NYCERS pension plan are not considered community property under Nevada law, are barred by the law of the case doctrine (see South Point, Inc. v Redman, 94 AD3d 1086, 1087 [2012]; Lehman v North Greenwich Landscaping, LLC, 65 AD3d 1293, 1294 [2009]).
Accordingly, the Surrogate’s Court properly awarded the petitioner the principal sum of $176,311.68. Mastro, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.