SECOND DEPARTMENT, FEBRUARY, 2013

(February 6, 2013)

■ PETER BALKHEIMER et al., Plaintiffs, v DONALD SPANTON et al., Defendants/Third-Party Plaintiffs-Respondents. FORCHELLI, CURTO, SCHWARTZ, MINEO, CARLINO & COHN LLP, et al., Third-Party Defendants-Appellants. [959 NYS2d 697]—

In an action to recover damages for legal malpractice, the third-party defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 9, 2011, which denied their motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the third-party complaint.

Ordered that the order is reversed, on the law, with costs, and the motion of the third-party defendants pursuant to CPLR 3211 (a) (5) and (7) to dismiss the third-party complaint is granted.

Pursuant to General Obligations Law § 15-108 (b), "[a] release given in good faith by the injured person to one tortfeasor as provided in [General Obligations Law § 15-108 (a)] relieves him [or her] from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules." Here, the plaintiffs executed a general release in favor of the third-party defendants. There is no indication in the record that the release was not executed in good faith. Therefore, pursuant to General Obligations Law § 15-108 (b), the third-party defendants are relieved from liability to the third-party plaintiffs for contribution (see Ziviello v O'Boyle, 90 AD3d 916, 917 [2011]; Kagan v Jacobs, 260 AD2d 442 [1999]). Accordingly, the Supreme Court should have granted that branch of the motion of the third-party defendants which was pursuant to CPLR 3211 (a) (5) to dismiss the contribution cause of action in the third-party complaint as barred by the release.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the [pleading] as true, accord plaintiffs

the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor' " (*Raquet v Braun*, 90 NY2d 177, 183 [1997], quoting *Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]; *see Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 909, 909-910 [2012]).

Here, the third-party complaint does not allege the existence of any duty owed by the third-party defendants to the third-party plaintiffs (*see Raquet v Braun*, 90 NY2d at 183; *Breen v Law Off. of Bruce A. Barket, P.C.*, 52 AD3d 635, 638 [2008]; *Keeley v Tracy*, 301 AD2d 502, 503 [2003]). Furthermore, the third-party plaintiffs would not be compelled to pay damages for the alleged negligent acts of the third-party defendants (*see Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d at 910; *Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 786, 786-787 [1983]). Accordingly, the Supreme Court should have granted that branch of the motion of the third-party defendants which was pursuant to CPLR 3211 (a) (7) to dismiss the common-law indemnification cause of action in the third-party complaint.

The third-party plaintiffs' remaining contention is without merit. Skelos, J.P., Hall, Roman and Cohen, JJ., concur.