■ United States Fire Insurance Company, Plaintiff, v Camille A. Raia et al., Respondents, and Cavalcante & Company, Appellant, et al., Defendant. [980 NYS2d 497]—

In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the defendant Cavalcante & Company appeals from an order of the Supreme Court, Kings County (Schack, J.), dated June 11, 2012, which, in effect, granted those branches of the motion of the defendant Camille A. Raia which were for summary judgment dismissing the cross claims insofar as asserted against her and, pursuant to 22 NYCRR 130-1.1, for an award of an attorney's fee, in effect, granted that branch of the separate motion of the defendants Steven T. Rondos and Raia & Rondos, P.C., which was for summary judgment dismissing the cross claims insofar as asserted against them, and, in effect, denied its cross motion for summary judgment on its cross claims for common-law indemnification and contribution insofar as asserted against the defendants Camille A. Raia, Steven T. Rondos, and Raia & Rondos, P.C.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the motion of the defendant Camille A. Raia which was pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the defendant Camille A. Raia and the

defendants Steven T. Rondos and Raia & Rondos, P.C., appearing separately and filing separate briefs.

The defendant Camille A. Raia was appointed guardian of the property of Andrea S., an incapacitated person (hereinafter the IP). Raia obtained a guardianship bond through the plaintiff, United States Fire Insurance Company (hereinafter US Fire), as surety. During the course of the guardianship, Raia retained the defendant Cavalcante & Company (hereinafter C&C), an accounting firm, to prepare annual tax returns on behalf of the IP. Ultimately, Raia was removed as the guardian of the IP's property as a result of a criminal investigation. The court accepted an account-stated as Raia's final account for the period she acted as guardian of the IP's property, and surcharged her in a certain amount. US Fire and the IP, through a successor guardian, entered into a stipulation by which the IP released US Fire from further liability under the bond and assigned all rights and causes of action to it in exchange for a payment in the amount of $1,100,000.

US Fire, on its own behalf and as the IP's subrogee/assignee, commenced this action against Raia, Raia & Rondos, P.C. (hereinafter the R&R firm), Steven T. Rondos, C&C, and another defendant. US Fire alleged, with respect to C&C, that it committed professional malpractice by failing to detect unlawful withdrawals made from the IP's investment account and to report the accounting irregularities. In its answer, C&C asserted cross claims against Raia, Rondos, and the R&R firm, seeking contribution and common-law indemnification. US Fire settled with Raia, Rondos, and the R&R firm, and thereupon executed a release in favor of Raia, and a separate release in favor of Rondos and the R&R firm.

Raia moved, inter alia, for summary judgment dismissing C&C's cross claims insofar as asserted against her and pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees. Rondos and the R&R firm separately moved, inter alia, for summary judgment dismissing C&C's cross claims insofar as asserted against them. C&C opposed the motions and cross-moved for summary judgment on its cross claims insofar as asserted against Raia, Rondos, and the R&R firm. The Supreme Court, in effect, granted those branches of the separate motions and denied the cross motion.

Raia, Rondos, and the R&R firm demonstrated their prima facie entitlement to judgment as a matter of law dismissing C&C's cross claim for contribution insofar as asserted against them. "A release given in good faith by the injured person to one tortfeasor as provided in [General Obligations Law § 15-108

(a)] relieves him [or her] from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules" (General Obligations Law § 15-108 [b]). Here, US Fire, upon settling with Raia, Rondos, and the R&R firm, executed a release in favor of Raia, and a separate release in favor of Rondos and the R&R firm, and there is no evidence in the record indicating that the releases were not given in good faith. Thus, Raia, Rondos, and the R&R firm are relieved from liability to C&C for contribution (*see Balkheimer v Spanton*, 103 AD3d 603 [2013]; *Ziviello v O'Boyle*, 90 AD3d 916, 917 [2011]; *Boeke v Our Lady of Pompei School*, 73 AD3d 825, 826-827 [2010]; *Kagan v Jacobs*, 260 AD2d 442, 442-443 [1999]; *Brown v Singh*, 222 AD2d 392 [1995]). In opposition, C&C failed to raise a triable issue of fact.

Raia, Rondos, and the R&R firm also demonstrated their prima facie entitlement to judgment as a matter of law dismissing C&C's cross claim for common-law indemnification insofar as asserted against them by showing that C&C's liability, if any, would be based on C&C's actual wrongdoing and not on vicarious liability for the conduct of Raia, Rondos, and the R&R firm (*see Reimold v Walden Terrace, Inc.*, 85 AD3d 1144 [2011]; *Ferguson v Shu Ham Lam*, 74 AD3d 870, 871-872 [2010]; *Corley v Country Squire Apts., Inc.*, 32 AD3d 978, 979 [2006]). In opposition, C&C failed to raise a triable issue of fact.

However, because C&C did not engage in frivolous conduct within the meaning of 22 NYCRR 130-1.1, the Supreme Court improvidently exercised its discretion in awarding attorney's fees pursuant to 22 NYCRR 130-1.1 (*see South Point, Inc. v Redman*, 94 AD3d 1086, 1087-1088 [2012]; *Joan 2000, Ltd. v Deco Constr. Corp.*, 66 AD3d 841, 842 [2009]).

C&C's remaining contentions are without merit. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.