■ UNITED STATES FIRE INSURANCE COMPANY, Plaintiff, v CAMILLE A. RAIA et al., Respondents, and CAVALCANTE & COMPANY, Appellant, et al., Defendant. [996 NYS2d 286]—

Motion by respondent Steven T. Rondos to amend a decision and order of this Court dated February 13, 2014 (*United States Fire Ins. Co. v Raia*, 114 AD3d 760 [2014]), which determined an appeal from an order of the Supreme Court, Kings County, dated June 11, 2012.

Upon the papers filed in support of the motion, and no papers having been filed in opposition or in relation thereto, it is

Ordered that the motion is granted, the decision and order of this Court dated February 13, 2014, is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for legal malpractice and breach of fiduciary duty, the defendant Cavalcante & Company appeals from an order of the Supreme Court, Kings County (Schack, J.), dated June 11, 2012, which, in effect, granted those branches of the motion of the defendant Camille A. Raia which were for summary judgment dismissing the cross claims insofar as asserted against her and pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee, in effect, granted that branch of the separate motion of the defendants Steven T. Rondos and Raia & Rondos, P.C., which was for summary judgment dismissing the cross claims insofar as asserted against them, and, in effect, denied its cross motion for summary judgment on its cross claims for common-law indemnification and contribution insofar as asserted against the defendants Camille A. Raia, Steven T. Rondos, and Raia & Rondos, P.C.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the motion of the defendant Camille A. Raia which was pursuant to 22 NYCRR 130-1.1 for an award of an attorney's fee, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed,

with one bill of costs to the defendant Camille A. Raia and the defendant Steven T. Rondos.

The defendant Camille A. Raia was appointed guardian of the property of Andrea S., an incapacitated person (hereinafter the IP). Raia obtained a guardianship bond through the plaintiff, United States Fire Insurance Company (hereinafter US Fire), as surety. Subsequently, Raia's law partner, the defendant Steven T. Rondos, began to handle the guardianship. During the course of the guardianship, Cavalcante & Company (hereinafter C&C), an accounting firm, was retained to prepare annual tax returns on behalf of the IP. Ultimately, Raia was removed as the guardian of the IP's property as a result of a criminal investigation into the wrongful conversion of funds by Rondos. The court accepted an account stated as Raia's final account for the period she acted as guardian of the IP's property, and surcharged her in a certain amount. US Fire and the IP, through a successor guardian, entered into a stipulation by which the IP released US Fire from further liability under the bond and assigned all rights and causes of action to it in exchange for a payment in the amount of $1,100,000.

US Fire, on its own behalf and as the IP's subrogee/assignee, commenced this action against, among others, Raia, Raia & Rondos, P.C., Rondos, and C&C. US Fire alleged, with respect to C&C, that it committed professional malpractice by failing to detect unlawful withdrawals made from the IP's investment account and to report the accounting regularities. In its answer, C&C asserted cross claims against Raia, Rondos, and Raia & Rondos, P.C., seeking contribution and common-law indemnification. US Fire settled with Raia, Rondos, and Raia & Rondos, P.C., and thereupon executed a release in favor of Raia, and a separate release in favor of Rondos and Raia & Rondos, P.C.

Raia moved, inter alia, for summary judgment dismissing C&C's cross claims insofar as asserted against her and pursuant to 22 NYCRR 130-1.1 for an award of attorney's fees. Rondos and Raia & Rondos, P.C., separately moved, inter alia, for summary judgment dismissing C&C's cross claims insofar as asserted against them. C&C opposed the motions and cross-moved for summary judgment on its cross claims insofar as asserted against Raia, Rondos, and Raia & Rondos, P.C. The Supreme Court, in effect, granted those branches of the motions and denied the cross motion.

Raia, Rondos and Raia & Rondos, P.C., demonstrated their prima facie entitlement to judgment as a matter of law on C&C's cross claim for contribution insofar as asserted against them. "A release given in good faith by the injured person to one

tortfeasor as provided in [General Obligations Law § 15-108 (a)] relieves him [or her] from liability to any other person for contribution as provided in article fourteen of the civil practice law and rules" (General Obligations Law § 15-108 [b]). Here, US Fire, upon settling with Raia, Rondos and Raia & Rondos, P.C., executed a release in favor of Raia, and a separate release in favor of Rondos, and Raia & Rondos, P.C., and there is no evidence in the record indicating that the releases were not given in good faith. Thus, Raia, Rondos, and Raia & Rondos, P.C., established, prima facie, that they were released from liability to C&C for contribution (*see Balkheimer v Spanton*, 103 AD3d 603 [2013]; *Ziviello v O'Boyle*, 90 AD3d 916, 917 [2011]; *Boeke v Our Lady of Pompei School*, 73 AD3d 825, 826-827 [2010]; *Kagan v Jacobs*, 260 AD2d 442, 442-443 [1999]; *Brown v Singh*, 222 AD2d 392 [1995]). In opposition, C&C failed to raise a triable issue of fact.

Raia, Rondos, and Raia & Rondos, P.C., also demonstrated their prima facie entitlement to judgment as a matter of law dismissing C&C's cross claim for common-law indemnification as against them by showing that C&C's liability, if any, would be based on C&C's actual wrongdoing and not on vicarious liability for the conduct of Raia, Rondos, and Raia & Rondos, P.C. (*see Reimold v Walden Terrace, Inc.*, 85 AD3d 1144 [2011]; *Ferguson v Shu Ham Lam*, 74 AD3d 870, 871-872 [2010]; *Corley v Country Squire Apts., Inc.*, 32 AD3d 978, 979 [2006]). In opposition, C&C failed to raise a triable issue of fact.

However, because C&C did not engage in frivolous conduct within the meaning of 22 NYCRR 130-1.1, the Supreme Court improvidently exercised its discretion in awarding attorney's fees pursuant to 22 NYCRR 130-1.1 (*see South Point, Inc. v Redman*, 94 AD3d 1086, 1087-1088 [2012]; *Joan 2000, Ltd. v Deco Constr. Corp.*, 66 AD3d 841, 842 [2009]).

C&C's remaining contentions are without merit. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.