DeMartino v Harris (2018 NY Slip Op 08278)





DeMartino v Harris


2018 NY Slip Op 08278


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2015-07871
 (Index No. 16697/13)

[*1]Frank DeMartino, et al., appellants, 
v
David S. Harris, etc., respondent.


Bryan Ha, White Plains, NY, for appellants.
David S. Harris, Jamaica, NY, respondent pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated April 28, 2015. The order granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the complaint, denied the plaintiffs' motion for leave to enter a default judgment against the defendant, and denied the plaintiffs' separate motion for leave to amend the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs commenced this action against the defendant, their former counsel, inter alia, to recover damages for legal malpractice in connection with legal representation provided to them by the defendant years earlier. The affidavit of service in the action characterized the defendant as a domestic corporation and recited that service had been made by leaving the summons and complaint with the defendant's representative at the defendant's office address.
When the defendant did not respond to the complaint, the plaintiffs moved for leave to enter a default judgment against the defendant. Thereafter, the defendant cross-moved, inter alia, to dismiss the complaint for lack of personal jurisdiction, contending that the method of service was improper because the defendant was not a corporation. The plaintiffs subsequently moved for leave to amend their complaint. The Supreme Court granted that branch of the defendant's cross motion which was pursuant to CPLR 3211(a) to dismiss the complaint, concluding that service was not properly made, and denied the plaintiffs' motions. The plaintiffs appeal.
While the method of service employed by the plaintiffs in this action is authorized for the service of process upon a corporation (see CPLR 311[a][1]; Fashion Page v Zurich Ins. Co., 50 NY2d 265, 271; Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551, 551-552, affd 65 NY2d 865), the evidence submitted by the defendant in support of the cross motion to dismiss established that the defendant is not a corporation. Accordingly, the method of service employed by the plaintiffs failed to acquire personal jurisdiction over the defendant, and we agree with the Supreme Court's determination granting that branch of the defendant's cross motion which was to dismiss the complaint on that basis.
Furthermore, while CPLR 306-b permits a court, in the exercise of its discretion, to [*2]extend the time to serve process upon good cause shown or in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 101), the plaintiffs did not move for, or otherwise request, an extension in the Supreme Court (see Lehman v North Greenwich Landscaping, LLC, 65 AD3d 1293, 1295; Matter of Saltzman v Board of Appeals of Vil. of Roslyn, 26 AD3d 505, 505-506).
In view of the foregoing, we also agree with the Supreme Court's denial of the plaintiffs' separate motions for leave to enter a default judgment and to amend the complaint, respectively.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court