De Heras v Avant Gardner, LLC (2024 NY Slip Op 00999)

De Heras v Avant Gardner, LLC

2024 NY Slip Op 00999

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2022-07416
 (Index No. 526143/21)

[*1]Nicholas De Heras, plaintiff, 
v
Avant Gardner, LLC, etc., respondent, et al., defendants; Eli Levin, third-party defendant-appellant, et al., third-party defendants.

Butler Weihmuller Katz Craig LLP, New York, NY (Michael Savett of counsel), for third-party defendant-appellant.
Vogrin & Frimet, LLP, New York, NY (Michael J. Frimet and Walter Santiago, Jr., of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant Eli Levin appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated August 8, 2022. The order denied that third-party defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the third-party defendant Eli Levin which was pursuant to CPLR 3211(a)(7) to dismiss the third-party cause of action seeking common-law indemnification insofar as asserted against him, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff allegedly was injured when he jumped or fell from a balcony of the apartment of the third-party defendant Eli Levin. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendant third-party plaintiff, Avant Gardner, LLC (hereinafter Avant Gardner), among others. Avant Gardner is the owner of a music venue which the plaintiff, Levin, and the other third-party defendants had attended into the early morning hours before the accident occurred. Avant Gardner subsequently commenced a third-party action against Levin and the other third-party defendants asserting, inter alia, that the plaintiff's accident was proximately caused by the third-party defendants' negligence. Thereafter, Levin moved pursuant to CPLR 3211(a)(7) to dismiss the third-party complaint insofar as asserted against him. The Supreme Court denied Levin's motion, and Levin appeals.
"The principle of common-law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 80, citing D'Ambrosio v City of New York, 55 NY2d 454, 460). "The predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, that is, the defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious" [*2](Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 16 [citations and internal quotation marks omitted]). However, "where a party is held liable at least partially because of its own negligence, contribution against other culpable tort-feasors is the only available remedy" (id. at 17 [internal quotation marks omitted]).
Here, the third-party complaint failed to state a cognizable theory of liability whereby Avant Gardner could be held vicariously liable for the negligence of Levin. Accordingly, the Supreme Court should have granted that branch of Levin's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third-party cause of action for common-law indemnification insofar as asserted against him (see Balkheimer v Spanton, 103 AD3d 603, 604).
Levin's remaining contentions are without merit.
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court