■ ABRAHAM BRAWER et al., Appellants, v HAROLD E. JOHNSON et al., Respondents. [647 NYS2d 553] —In a class action, *inter alia,* to recover damages for fraud and breach of fiduciary duties in connection with the conversion of a bank from mutual to stock form, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated July 24, 1995, as granted those branches of the defendants' separate motions pursuant to CPLR 3211 which were to dismiss those causes of action in the complaint based on fraud, misrepresentation, and breach of fiduciary duties.

Ordered that the order is affirmed insofar as appealed from, with one bill costs payable to the respondents appearing separately and filing separate briefs.

Under the circumstances of this case, the Supreme Court properly dismissed all causes of action interposed in the complaint based on fraud, misrepresentation, and breach of fiduciary duties. In essence, these causes of action constituted a collateral attack on the bank's conversion plan which was approved by the New York State Superintendent of Banks and, as a result, they were time barred for failure to timely raise them in a proceeding pursuant to CPLR article 78 (*see, Matter*

*of East N. Y. Sav. Bank Depositors Litig.,* 145 Misc 2d 620, *affd* 162 AD2d 251; *compare, Craft v Florida Fed. Sav. & Loan Assn.,* 786 F2d 1546, 1553; *Harr v Prudential Fed. Sav. & Loan Assn.,* 557 F2d 751, *cert denied* 434 US 1033; *Dougherty v Carver Fed. Sav. Bank,* 909 F Supp 197; *see also, Kadison v Long Is. Sav. Bank,* 225 AD2d 523).

In view of this determination, we do not reach any issue concerning whether the plaintiffs properly pleaded damages in connection with their causes of action based on fraud and misrepresentation. Sullivan, J. P., Pizzuto, Hart and Goldstein, JJ., concur.