◼ HAROLD DUBROFF, Appellant, v EVERGREEN BANK, NATIONAL ASSOCIATION, Formerly Known as THE FIRST NATIONAL BANK OF GLENS FALLS, Respondent. [696 NYS2d 560] —Carpinello, J. Appeal from an order of the Supreme Court (Cobb, J.), entered December 23, 1998 in Greene County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action.

At issue is the propriety of Supreme Court's order granting defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action. In that complaint, plaintiff alleges that in April 1988 he was a member of a limited partnership which, along with another entity, became general partners in a certain commercial real estate venture in Florida. Plaintiff fur-

ther alleges that this transaction was financed with a purchase money mortgage which prohibited second mortgage liens and which required the general partners to supply "equity capital" in the amount of $3 million. To raise this sum, each of the two general partners applied for a $1.5 million loan from defendant, one of which plaintiff personally guaranteed.

After delivery of the note and guarantee, but "immediately prior" to the closing, defendant allegedly demanded a second mortgage on the property to secure the loans notwithstanding its knowledge that this second mortgage would violate the conditions of the first mortgage. According to plaintiff, defendant orally agreed to refrain from recording this second mortgage. Approximately four years later, when the general partnerships defaulted on the loans, defendant recorded the mortgage, purportedly breaching its oral agreement not to do so, an event which caused refinancing negotiations with the first mortgagee to fail. Defendant's alleged breach of its agreement not to record the second mortgage and the failed refinancing negotiations also resulted in a judgment being entered in defendant's favor against plaintiff based on the latter's personal guarantee of the $1.5 million note. According to the complaint, this judgment was entered in 1993. The instant action was not commenced until 1998.

Citing *European Am. Bank v Abramoff* (201 AD2d 611), Supreme Court granted defendant's motion to dismiss, reasoning that the alleged oral agreement not to record was the legal equivalent of an agreement not to enforce a writing according to its terms. We agree with the result reached by the court albeit for a different reason. Without necessarily rejecting the rationale of Supreme Court, we affirm on the basis that plaintiff is not, as alleged, a third-party beneficiary of the purported agreement not to record.

As previously held by this Court, one may recover as an intended beneficiary of a contract between others "only if it is clear" that the contracting parties intended to confer a benefit on the third party which is more than merely incidental to the benefits afforded them and which evinces an intent to permit enforcement by that party (*Binghamton Masonic Temple v City of Binghamton*, 213 AD2d 742, 745, *lv denied* 85 NY2d 811; *see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co.*, 66 NY2d 38, 44-45). In the case at bar, the alleged promise not to record clearly benefitted the general partnerships which had contracted with the first mortgagee not to permit junior encumbrances. Any benefit to plaintiff from this promise was incidental at best. Further, there was no reliance by plaintiff

on this promise (*see, Fourth Ocean Putnam Corp. v Interstate Wrecking Co., supra*, at 46) since his personal guarantee was given before the alleged promise not to record was even made. Accordingly, plaintiff has no standing to enforce the alleged oral agreement and the complaint was properly dismissed.

Yesawich Jr., J. P., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.