CALVIN CHATLOS, M.D., et al., Appellants, v MONY LIFE INSURANCE COMPANY et al., Respondents. [749 NYS2d 230] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered June 7, 2001, in an action by policyholders challenging the validity of acts taken under Insurance Law § 7312 to convert defendant insurance company from a mutual life insurer to a stock life insurer, dismissing the complaint, unanimously affirmed, without costs.

Insofar as brought against the Superintendent of Insurance, plaintiffs' claim, although brought in the form of a declaratory judgment action, merely challenges the Superintendent's approval of the insurance company defendants' demutualization plan as violative of Insurance Law § 7312, and was thus properly dismissed as barred by the four-month statute of limitations applicable to CPLR article 78 proceedings (*see Butler v Wing*, 275 AD2d 273, 276, *lv denied* 95 NY2d 770; *Rosenthal v City of New York*, 283 AD2d 156, 158, *lv dismissed* 97 NY2d 654). Insurance Law § 7312 (t) (1), which provides a one-year limitations period for any "action" challenging the validity of or arising out of acts taken under a demutualization plan, does not mention article 78 proceedings, and therefore should not be construed to provide a one-year limitations period alternative

to the four-month period. As against defendant insurance company and its parent, there is no merit to plaintiffs' claim that section 7312, which requires the demutualization plan be in the best interest of both the mutual insurer and its policyholders, created a fiduciary relationship between the parties. Plaintiffs' cause of action for breach of contract was properly dismissed for failure to identify the policy terms allegedly breached. We have considered plaintiffs' claims of various violations of the statute by the insurance company defendants, and, to the extent such claims are not an indirect challenge to the Superintendent's determination, plaintiffs' allegations are flatly contradicted by the documentary evidence, and were properly held insufficient to state a cause of action. Concur— Mazzarelli, J.P., Andrias, Buckley and Marlow, JJ.