■ TEACHERS INSURANCE AND ANNUITY ASSOCIATION et al., Respondents, v VALENTINA M. TEDESCHI, Individually and as Executor of JAMES T. TEDESCHI, Appellant-Respondent, and LEATHA B. FARRELL, Respondent-Appellant. [771 NYS2d 238]—

Peters, J. Cross appeals from a judgment of the Supreme Court (Lamont, J.), entered September 18, 2002 in Schoharie County, which, inter alia, partially granted defendant Leatha B. Farrell's motion for summary judgment on her counterclaims and cross claim.

Defendant Leatha B. Farrell and James T. Tedeschi (hereinafter decedent) were married in 1952 and had five children. In 1979, they entered into a separation agreement which stated, in relevant part, as follows:

"The husband agrees to keep and maintain . . . the life insurance coverage currently in force through his employment by the State University of New York, and maintain the wife as the irrevocable beneficiary thereof so long as the husband has not remarried. In the event the husband does remarry . . . the wife, Leatha B. Tedeschi, shall be the irrevocable beneficiary of such coverage to the extent of 50% of the death benefit payable under such policy. . . .

"The parties further agree that all of the above terms and conditions shall also apply to the $6,000.00 life insurance coverage provided the husband through his membership in the United University Professionals Union, except that the wife shall remain the irrevocable beneficiary of 100% of the proceeds regardless of whether the husband shall remarry."

At that time, decedent had two retirement annuities issued by plaintiffs in connection with his retirement plan and one life insurance policy issued through a professional organization.[1] In accordance with the terms of the separation agreement, but prior to its incorporation into their December 1980 judgment of divorce, decedent named Farrell his irrevocable beneficiary on the annuities; he notified her of such designation and his compliance with the terms of their agreement.

When decedent married defendant Valentina M. Tedeschi, Farrell and decedent executed a change of beneficiary form naming Farrell and Tedeschi each a 50% beneficiary under the annuities. Thereafter, decedent unsuccessfully attempted to change the designations solely to Tedeschi without Farrell's approval and then negotiated with Farrell to revise their economic distribution. When Farrell refused, decedent unilaterally, and without notice to Farrell, changed the designations to Tedeschi as his sole beneficiary. The change was sent to plaintiffs in 1995; decedent died in 2000.

When Tedeschi and Farrell submitted their claims to plaintiffs for benefits, this action was commenced pursuant to CPLR 1006. Plaintiffs moved for, inter alia, an order granting them leave to pay the disputed proceeds into the court and, upon such payment, for a discharge from any further liability. Both Farrell and Tedeschi counterclaimed. Supreme Court found that plaintiffs owed no duty to either Farrell or Tedeschi and directed plaintiffs to pay 50% of the disputed funds to Farrell. Further concluding that the designation of Farrell as the irrevocable beneficiary fell within the exception to the anti-alienation rule

---

1. Neither the provision referencing the $6,000 life insurance policy nor its distribution is in dispute.

announced in *Kaplan v Kaplan* (82 NY2d 300 [1993]), plaintiffs were released from liability. Both Tedeschi and Farrell cross-appeal.

Farrell contends that, as a third-party beneficiary, she was owed a fiduciary duty by plaintiffs. We disagree. Farrell failed to prove that she had enforceable rights thereunder (*see City of Amsterdam v Lam,* 270 AD2d 603, 605 [2000], *lv denied* 95 NY2d 757 [2000]; *Leavitt-Berner Tanning Corp. v American Home Assur. Co.,* 129 AD2d 199, 203 [1987], *lv denied* 70 NY2d 609 [1987]) by demonstrating that the contracting parties, here plaintiffs and decedent, intended to bestow a benefit upon her "more than merely incidental to the benefits afforded them and which evince[ ] an intent to permit enforcement by [her]" (*Dubroff v Evergreen Bank, Natl. Assn.,* 265 AD2d 644, 645 [1999]). With no independent basis upon which plaintiffs can be found to owe her a duty, Supreme Court properly dismissed Farrell's claims.

Nor do we find that Tedeschi asserted an independent basis of liability sufficient to revive her claims. Tedeschi relies upon the equitable doctrines of estoppel and laches, contending that plaintiffs breached their fiduciary duty to her by accepting the change of beneficiary form in 1995 without objection.[2] Those defenses were properly rejected by Supreme Court since Tedeschi failed to demonstrate either prejudice (*see Weiss v Mayflower Doughnut Corp.,* 1 NY2d 310, 318 [1956]; *Matter of Felix v Herman,* 257 AD2d 900, 902 [1999]) or detrimental reliance (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184 [1982]). With no merit to any other contention undermining plaintiffs' commencement of this action pursuant to CPLR 1006 (a),[3] we next review the distribution of benefits.

The separation agreement is "subject to the principles of contract construction and interpretation" (*Matter of Meccico v Meccico,* 76 NY2d 822, 823-824 [1990]; *see Rainbow v Swisher,* 72 NY2d 106, 109 [1988]). Due to ambiguity in the provision addressing the apportionment of life insurance benefits after remarriage, Supreme Court properly used parol evidence to ascertain the parties' intention at the time of its execution (*see Matter of Dube v Horowitz,* 258 AD2d 724, 725 [1999]). To evince

---

**2.** Notably, Insurance Law § 3113, not enacted at the time, would have imposed a duty upon plaintiffs to notify decedent of the validity or invalidity of the change of beneficiary form that he submitted (*see* L 1999, ch 275, § 1, eff. Sept. 18, 1999).

**3.** Upon such determination, Supreme Court also properly exercised its discretion pursuant to CPLR 1006 (f) to determine expenses, costs, disbursements and interest.

decedent's intent, Farrell proffered numerous documents in which decedent referred to the annuity contracts and the disputed provision of the separation agreement, requiring both Farrell and Tedeschi to share the proceeds equally once decedent remarried. With no evidence to the contrary by Tedeschi, Farrell's further proffer of evidence demonstrating decedent's negotiations with her, after his marriage, to attempt to alter her entitlement to 50% of the retirement annuities provided additional support for Supreme Court's determination.

Tedeschi contends that an interpretation which makes Farrell an irrevocable beneficiary of 50% of the annuity benefits violates the anti-alienation rule enunciated in *Caravaggio v Retirement Bd. of Teachers' Retirement Sys. of City of N.Y.* (36 NY2d 348, 350 [1975]). We disagree. The divorce judgment, which incorporated the separation agreement, was issued after the enactment of the Equitable Distribution Law (*see* Domestic Relations Law § 236 [B], as amended by L 1989, ch 567, eff. Sept. 15, 1989). With the separation agreement the legally binding division of decedent's and Farrell's marital property, the limited exception to *Caravaggio*, enunciated in *Kaplan v Kaplan* (82 NY2d 300 [1993], *supra*), applies. There, it was recognized that the equitable distribution of property in a separation agreement "should be accorded the same status and protection [as] court-ordered awards" (*id.* at 307; *compare Keith v Keith,* 241 AD2d 820, 822 [1997]). Accordingly, we find no error in the distribution of benefits.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.