■ EUGENIA J. FIALA et al., Appellants-Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, Respondent-Appellant, and METLIFE, INC., et al., Respondents. VIJAY J. SHAH et al., Appellants-Respondents, v METROPOLITAN LIFE INSURANCE COMPANY, Respondent-Appellant, and METLIFE, INC., et al., Respondents. [776 NYS2d 29]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered February 26, 2003, which granted the motion of defendant Superintendent of Insurance of the State of New York to dismiss the action against him insofar as to convert the Shah plaintiffs' claims against him into a proceeding pursuant to CPLR article 78, granted the other defendants' motions to dismiss plaintiffs' claims against them pursuant to CPLR 3211, and denied the motion of Metropolitan Life Insurance Company (MetLife) to require plaintiffs to post a bond, unanimously modified, on the law, to deny defendants' motion with respect to the Shah plaintiffs' claim against MetLife and MetLife, Inc. (the MetLife defendants) and the 16 directors of MetLife (the individual defendants) under Insurance Law § 7312 for allegedly allocating excessive shares to Armstrong Tire and Rubber and to reinstate that claim, to deny defendants' motion with respect to the Fiala plaintiffs' fraud claim against the MetLife and individual defendants insofar as it is based on nondisclosure of their plan to buy back MetLife stock after the IPO and to reinstate that claim, and to permit the Fiala plaintiffs to replead their fraud claim against the MetLife defendants and the individual defendants insofar as it is based on nondisclosure of the allegedly preferential treatment given to Armstrong, and otherwise affirmed, without costs.

The appropriate vehicle for the Shah plaintiffs' claim that the Superintendent's approval of MetLife's demutualization plan (the Plan) violated Insurance Law § 7312 is a proceeding pursuant to CPLR article 78 (*see Chatlos v MONY Life Ins. Co.*, 298 AD2d 316 [2002], *lv denied* 99 NY2d 504 [2003]). For the most part, the Shah plaintiffs' claims that the other defendants violated the statute constitute an impermissible "indirect challenge to the Superintendent's determination" (*id.* at 317). However, the MetLife and individual defendants have not established the preclusive effect of the Superintendent's determination with respect to plaintiffs' claim that those defendants improperly accorded Armstrong Tire and Rubber, a large policyholder that complained about the Plan's allocation formula, preferential treatment when in the course of the demutualization they allegedly allotted it excessive shares, since there is no indication that the Superintendent was aware of the alleged excessive allocation at the time he passed upon the Plan. If there is evidence that the Superintendent was aware of this, defendants may move for summary judgment.

Permitting the Shah plaintiffs to assert a claim that the MetLife and individual defendants violated section 7312 by giving Armstrong preferential treatment would not violate the standards for a private right of action (*cf. Hammer v American Kennel Club*, 1 NY3d 294 [2003]).

The Shah plaintiffs' breach of contract claim constitutes a collateral attack on the Superintendent's approval of MetLife's demutualization, and as such, it was properly dismissed (*see Tierney v John Hancock Mut. Life Ins. Co.*, 58 Mass App Ct 571, 587-589, 791 NE2d 925, 938-939 [2003], *review denied* 440 Mass 1104, 797 NE2d 380 [2003], *cert denied* — US —, 124 S Ct 1602 [2004]). An additional, independent basis for dismissal is that plaintiffs "fail[ed] to identify the policy terms allegedly breached" (*Chatlos*, 298 AD2d at 317).

Also properly dismissed as impermissible collateral attacks on the Superintendent's determination were plaintiffs' claims for breach of fiduciary duty (*see Brawer v Johnson*, 231 AD2d 664 [1996]; *Matter of East N.Y. Sav. Bank Depositors Litig.*, 145 Misc 2d 620, 624-625 [1989], *affd* 162 AD2d 251 [1990]; *Tierney*, 58 Mass App Ct at 587-589, 791 NE2d at 938-939). These claims were additionally unsustainable since an insurance company does not owe its policyholder a common-law fiduciary duty except when it is called upon to defend its insured (*see Goshen v Mut. Life Ins. Co.*, 1997 WL 710669, *8, 1997 NY Misc LEXIS 486, *25-26 [Sup Ct, NY County 1997] , *affd* 259 AD2d 360 [1999], *mod on other grounds* 94 NY2d 330 [1999]; *Rabouin v Metropolitan Life Ins. Co.*, 182 Misc 2d 632, 634-635 [1999], *affd* 282 AD2d 381 [2001]), which is not the case here. Nor does section 7312 give rise to a fiduciary duty upon which plaintiffs' claims of breach might be premised (*see Chatlos*, 298 AD2d at 317).

Most of the Fiala plaintiffs' fraud claims are barred as collateral attacks on the Superintendent's determination (*see Brawer*, 231 AD2d at 664; *East N.Y. Sav. Bank*, 145 Misc 2d at 624-625). To the extent they did not constitute impermissible collateral attacks, they were properly dismissed for other reasons. The complained-of statements made in November 1998 by defendant Robert H. Benmosche were statements of future intention, and the complaint does not allege facts showing that, when Benmosche made such statements, he never intended to honor his promises (*see Non-Linear Trading Co. v Braddis Assoc.*, 243 AD2d 107, 118 [1998]). Moreover, these statements were superseded by the Plan (*see Jackvony v RIHT Fin. Corp.*, 873 F2d 411, 416 [1989]).

However, the Fiala plaintiffs' claim that the plan of the

MetLife and individual defendants to buy back MetLife stock after the IPO had taken place should have been disclosed in the Policyholder Information Booklet (PIB) was improperly dismissed at this stage on the ground that disclosure was not required because the buy-back plan was insufficiently certain at the time of the PIB. It is apparent, as the court found, that the defendants were considering a share repurchase and apparent, particularly in light of defendant Goldman Sachs' statement that "MetLife should indicate in the prospectus that it will implement a stock repurchase program immediately post IPO," that at the time of the PIB the event was at least reasonably likely to occur (*see Richardson v White, Weld & Co., Inc.*, 1979 WL 1205, \*1, 1979 US Dist LEXIS 12417, \*3-4 [SD NY, May 11, 1979]; *see also Seagoing Uniform Corp. v Texaco, Inc.*, 705 F Supp 918, 930, 933-934 n 7 [SD NY 1989]). As to those policyholders who retained their shares, the complaint states a cause of action for dilution of their equity in MetLife (*see Katzowitz v Sidler*, 24 NY2d 512 [1969]).

The Fiala plaintiffs' claim that the PIB should have disclosed the preferential treatment given to Armstrong was properly dismissed because the complaint failed to provide a factual basis from which the materiality of such omission could be inferred (*see Loudon v Archer-Daniels-Midland Co.*, 700 A2d 135, 141, 146 [1997]). Nonetheless, we permit the Fiala plaintiffs leave to replead to rectify this deficiency, if they are able to do so (*see id.*).

Because the Fiala plaintiffs' primary claims for breach of fiduciary duty were properly dismissed, their claim against the Advisor defendants for aiding and abetting a breach of fiduciary duty cannot stand (*see e.g. Renner v Chase Manhattan Bank*, 2000 WL 781081, \*21, 2000 US Dist LEXIS 8552, \*63 [SD NY, June 16, 2000]). The only fraud claims that survive are the one based on the discriminatory allocation of shares to Armstrong and the one based on the nondisclosure of the stock buy-back plan. However, since the complaint does not allege that the Advisor defendants had anything to do with the complained-of allocation or with the nondisclosure of the buy-back plan, the claim against the Advisor defendants for aiding and abetting fraud was properly dismissed (*see Kaufman v Cohen*, 307 AD2d 113, 126 [2003]).

The IAS court properly exercised its discretion in refusing to require plaintiffs to post bonds. Unlike Business Corporation Law § 627, Insurance Law § 7312 (t) (2) does not mandate that security be provided. A statute which, in derogation of the "American rule," shifts liability for attorneys' fees to the other

side should be strictly construed (*see e.g. Matter of Peck v New York State Div. of Hous. & Community Renewal*, 188 AD2d 327 [1992]). Concur—Ellerin, J.P., Williams, Lerner and Friedman, JJ.