Hamed v City of New York (2020 NY Slip Op 04540)





Hamed v City of New York


2020 NY Slip Op 04540


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-12494
 (Index No. 504705/16)

[*1]Monadel Hamed, plaintiff, 
v
City of New York, et al., appellants, En-Express Deli Corp., et al., respondents.


James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Antonella Karlin of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for false imprisonment and false arrest, the defendants City of New York, City of New York Police Department Police Officers Ronald Robinson Tax Reg #929054, John/Jane Does #1-14, and City of New York Department of Corrections Officials/Officers John/Jane Does #1 through #5 appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 7, 2018. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the cross claim for common-law indemnification of the defendants En-Express Deli Corp. and Aziz Zaid insofar as asserted against them, or for summary judgment dismissing that cross claim insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendants City of New York, City of New York Police Department Police Officers Ronald Robinson Tax Reg #929054, John/Jane Does #1-14, and City of New York Department of Corrections Officials/Officers John/Jane Does #1 through #5 which was for summary judgment dismissing the cross claim for common-law indemnification of the defendants En-Express Deli Corp. and Aziz Zaid insofar as asserted against them is granted, and that branch of those defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss that cross claim insofar as asserted against them is denied as academic.
On April 12, 2014, the plaintiff was arrested for an assault and robbery that occurred at the defendant En-Express Deli Corp. (hereinafter En-Express) in Queens, where he worked. The charges against the plaintiff were ultimately dismissed. Subsequently, the plaintiff commenced this action against the City of New York, City of New York Police Department Police Officers Ronald Robinson Tax Reg #929054, John/Jane Does #1-14, and City of New York Department of Corrections Officials/Officers John/Jane Does #1 through #5 (hereinafter collectively the City defendants), as well as against En-Express, its owner, Aziz Zaid (hereinafter together the deli defendants), and the plaintiff's supervisor at En-Express. The plaintiff alleged, in pertinent part, that his supervisor and the deli defendants had falsely accused him of committing the assault and robbery. The deli defendants asserted cross claims against the City defendants and the plaintiff's supervisor seeking contribution and common-law indemnification. As relevant to this appeal, the Supreme Court denied those branches of the City defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss the cross claim for common-law indemnification insofar as asserted against them, or for summary judgment dismissing that cross claim insofar as asserted against them.
"The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507; see D'Ambrosio v City of New York, 55 NY2d 454, 460). "Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious" (Balladares v Southgate Owners Corp., 40 AD3d 667, 671; see Board of Mgrs. of Olive Park Condominium v Maspeth Props., LLC, 170 AD3d 645, 647). "Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine" (Desena v North Shore Hebrew Academy, 119 AD3d 631, 635 [internal quotation marks omitted]; see Board of Mgrs. of Olive Park Condominium v Maspeth Props., LLC, 170 AD3d at 647; Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc., 45 AD3d 792, 796).
Here, the City defendants established their prima facie entitlement to judgment as a matter of law dismissing the cross claim seeking common-law indemnification insofar as asserted against them by submitting evidence which demonstrated that the deli defendants' liability, if any, would be based on the deli defendants' actual wrongdoing, and not on vicarious liability for the City defendants' conduct (see Bryan v CLK-HP 225 Rabro, LLC, 136 AD3d 955, 956-957; United States Fire Ins. Co. v Raia, 121 AD3d 970, 972). In opposition, the deli defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the City defendants' motion which was for summary judgment dismissing the deli defendants' cross claim for common-law indemnification insofar as asserted against them.
In light of our determination, we need not reach the City defendants' remaining contention.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court