Castagna v Capotorto (2022 NY Slip Op 00844)





Castagna v Capotorto


2022 NY Slip Op 00844


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2019-04656
 (Index No. 516767/18)

[*1]Mark Castagna, etc., et al., appellants,
v
John . Capotorto, et al., respondents.


Brown Rudnick LLP, New York, NY (Richard L. Stone and Sigmund S. Wissner-Gross of counsel), for appellants.
Wollmuth Maher & Deutsch LLP, New York, NY (William A. Maher, Michael C. Ledley, and Robert C. Penn, Jr., of counsel), for respondents.



DECISION & ORDER
In a putative class action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated February 27, 2019. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiffs are representatives of the approximately 18,000 policyholders of Medical Liability Mutual Insurance Company (hereinafter MLMIC), and the defendants are members of MLMIC's Board of Directors.
On September 6, 2018, after a public hearing, the New York State Superintendent of Financial Services (hereinafter the Superintendent) approved MLMIC's Plan of Conversion seeking to convert MLMIC from a mutual insurance company to a stock insurance company, and the acquisition of MLMIC by National Indemnity Company (hereinafter NICO) in exchange for $2.502 billion.
The plaintiffs subsequently commenced this putative class action alleging breach of fiduciary duty, negligent misrepresentation, and violation of General Business Law § 349 in connection with the Plan of Conversion. The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order dated February 27, 2019, the Supreme Court granted the motion. The plaintiffs appeal.
The Supreme Court correctly determined that the causes of action asserted in the amended complaint are barred as a collateral attack on the Superintendent's determination (see Brawer v Johnson, 231 AD2d 664). The collateral attack doctrine does not exist apart from administrative collateral estoppel (see ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 226-227). Therefore, a cause of action is barred as an impermissible collateral attack on the Superintendent's determination when there is identity of issues and when the plaintiffs had a full and fair opportunity to contest the Superintendent's determination. Thus, the collateral attack doctrine only bars causes of action of which the Superintendent was aware when approving a demutualization plan (see Fiala v Metropolitan Life Ins. Co., 6 AD3d 320).
The plaintiffs do not seek to overturn the Superintendent's decision. Rather, they seek monetary damages, as they allege that the sale of MLMIC to NICO for $2.502 billion was undervalued. Therefore, the question before this Court is whether the plaintiffs had the opportunity to contest the validity of the financial information provided to the Superintendent which formed the basis of her approval of the transaction (see ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d at 226).
Here, the record demonstrates that the plaintiffs had a full and fair opportunity to contest the proposed Plan of Conversion at a public hearing (cf. id.), and that the Superintendent's review of the proposed Plan of Conversion was broad in scope, including review of an independent financial valuation and testimony and evidence taken at the public hearing. The Superintendent specifically considered and rejected the claim that information regarding the Plan of Conversion that was provided to the plaintiffs by the defendants was misleading. The Superintendent had before her ample financial information to make a thorough determination as to the accuracy of the independent valuation of MLMIC performed by Ernst & Young, which set forth four different methods of calculation. This information included an expert's opinion provided by the plaintiffs. The Superintendent concluded that the Plan of Conversion, including the $2.502 billion consideration, was fair and equitable and in the best interests of the policyholders and the public.
Though the plaintiffs now couch their claims in terms of breach of fiduciary duty, negligent misrepresentation, and violation of General Business Law § 349, they seek to indirectly challenge the sufficiency of the Plan of Conversion which was approved by the Superintendent. Accordingly, dismissal of the amended complaint as an improper collateral attack was properly directed.
The parties' remaining contentions need not be reached in light of this determination.
BARROS, J.P., CHAMBERS, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court