Neurological Surgery, P.C. v MLMIC Ins. Co. (2022 NY Slip Op 05211)

Neurological Surgery, P.C. v MLMIC Ins. Co.

2022 NY Slip Op 05211

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-02575
2020-04646
 (Index No. 608889/19)

[*1]Neurological Surgery, P.C., et al., respondents,
v
MLMIC Insurance Company, etc., appellant.

Wollmuth Maher & Deutsch, LLP, New York, NY (William A. Maher, Michael C. Ledley, and Robert C. Penn, Jr., of counsel), for appellant.
Hinckley, Allen & Snyder, LLP, Albany, NY (Christopher V. Fenlon, Michael L. Koenig, and Janelle P. Murnane of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered February 3, 2020, and (2) an order of the same court dated June 3, 2020. The order entered February 3, 2020, denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint. The order dated June 3, 2020, insofar as appealed from, in effect, upon reargument, adhered to the prior determination in the order entered February 3, 2020.
ORDERED that the order entered February 3, 2020, is reversed, on the law, the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint is granted, and the order dated June 3, 2020, is vacated; and it is further,
ORDERED that the appeal from the order dated June 3, 2020, is dismissed as academic in light of our determination on the appeal from the order entered February 3, 2020; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiffs maintained medical malpractice insurance through the defendant, MLMIC Insurance Company (hereinafter MLMIC), from the early 1990s until July 2014, when the plaintiffs discontinued their policies. In July 2016, MLMIC publicly announced its intention to convert from a mutual insurance company to a stock insurance company and to enter into an agreement with National Indemnity Company (hereinafter NICO), for the sale of all stock created in the demutualization. The transaction was ultimately approved by a vote of its policyholders and by the Superintendent of the New York State Department of Financial Services (hereinafter the Superintendent), after a hearing, pursuant to Insurance Law § 7307. After the transaction closed in October 2018, all policyholders who had held policies in effect during the three years preceding July 15, 2016, were allotted a cash payment based on the premiums paid to the insurer during that three year period. Because the plaintiffs had discontinued their policies in July 2014, they received only a fraction of the payment they would have been entitled to had they maintained their policies through [*2]July 2016.
In June 2019, the plaintiffs commenced this action to recover damages for negligent or fraudulent misrepresentation and breach of fiduciary duty based on MLMIC's failure to disclose an anticipated sale of the company during discussions with the plaintiffs between the fall 2013 and July 2014. They allege, inter alia, that their relationship with MLMIC gave rise to a duty to disclose this information, and that had it been disclosed, the plaintiffs would have remained policyholders with MLMIC. MLMIC moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered February 3, 2020, the Supreme Court denied MLMIC's motion. MLMIC subsequently moved, among other things, for leave to reargue its prior motion. In an order dated June 3, 2020, the court, inter alia, in effect, upon reargument, adhered to its prior determination. MLMIC appeals.
Contrary to MLMIC's contention, the Supreme Court properly determined that the complaint was not barred by the collateral attack doctrine. "The collateral attack doctrine does not exist apart from administrative collateral estoppel" (Castagna v Capotorto, 202 AD3d 748, 749; see ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 226-227). "This doctrine applies only 'if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the [party to be bound] had a full and fair opportunity to litigate the issue in the earlier action'" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128, quoting Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). Here, the decision of the Superintendent to approve the transaction did not necessarily determine the issues raised in this action. Moreover, to the extent the Superintendent's decision included factual findings regarding the inception of the transaction, such findings were not material to that proceeding and do not preclude the plaintiffs' claims (see Ryan v New York Tel. Co., 62 NY2d 494, 500; Gadani v DeBrino Caulking Assoc., Inc., 86 AD3d 689, 692).
However, the Supreme Court erred in denying MLMIC's motion to dismiss the complaint for failure to state a cause of action. In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87—88; see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 178).
Generally, "an insurance company does not owe its policyholder a common-law fiduciary duty except when it is called upon to defend its insured" (Fiala v Metropolitan Life Ins. Co., 6 AD3d 320, 322; see Uhlman v New York Life Ins. Co., 109 NY 421, 429; Chatlos v MONY Life Ins. Co., 298 AD2d 316, 317). Further, "[a] special relationship does not arise out of an ordinary arm's length business transaction between two parties" (High Tides, LLC v DeMichele, 88 AD3d 954, 960 [internal quotation marks omitted]). Here, the complaint did not allege facts that would give rise to a fiduciary or special relationship between the plaintiffs and MLMIC, as required to support the plaintiffs' causes of action sounding in breach of fiduciary duty and negligent misrepresentation (see Pike v New York Life Ins. Co., 72 AD3d 1043, 1050).
Similarly, a cause of action alleging fraudulent omission or concealment of material information requires an allegation that the defendant had a duty to disclose that information (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 179; Thomson v Watchtower Bible & Tract Socy. of N.Y., Inc., 198 AD3d 996, 997). Here, the plaintiffs' allegations regarding its pre-departure discussions with MLMIC, would not, if true, give rise to a duty to disclose any steps MLMIC may have taken to prepare for a potential future conversion and sale. Accordingly, the cause of action sounding in fraudulent misrepresentation should also have been dismissed pursuant to CPLR 3211(a)(7).
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court