88-18 Tropical Restaurante Corp. v Utica First Ins. Co. (2024 NY Slip Op 00289)

88-18 Tropical Restaurante Corp. v Utica First Ins. Co.

2024 NY Slip Op 00289

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-06837
 (Index No. 713064/20)

[*1]88-18 Tropical Restaurante Corp., respondent,
v
Utica First Insurance Company, appellant.

Farber Brocks & Zane LLP, Garden City, NY (Andrew J. Mihalick of counsel), for appellant.
E. Dubois Raynor, Jr., Woodhaven, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief and to recover damages for breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered August 20, 2021. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action for a declaratory judgment and alleging breach of fiduciary duty.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of fiduciary duty, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action against the defendant, Utica First Insurance Company (hereinafter the insurer), inter alia, to recover damages for breach of fiduciary duty and for a judgment declaring, among other things, that the insurer was obligated to defend and indemnify the plaintiff in an action entitled Lynch v 88-18 Tropical Restaurante Corp., commenced in the Supreme Court, Queens County, under Index No. 13508/15 (hereinafter the underlying action). The complaint in the underlying action alleged that a patron of a restaurant owned and operated by the plaintiff was injured when an employee of the plaintiff assaulted him on the plaintiff's premises. The insurer disclaimed coverage on the basis of an assault and battery exclusion contained in the plaintiff's insurance policy.
The insurer moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, and requested that the motion be treated as one for summary judgment pursuant to CPLR 3211(c). By order entered August 20, 2021, the Supreme Court, inter alia, declined to treat the motion as one for summary judgment and denied those branches of the motion which were to dismiss the causes of action for a declaratory judgment and alleging breach of fiduciary duty. The insurer appeals.
"A motion to dismiss a declaratory judgment action prior to the service of an answer presents for consideration only the issue of whether a cause of action for declaratory relief is set forth, not the question of whether the plaintiff is entitled to a favorable declaration. [W]here a cause [*2]of action is sufficient to invoke the court's power to 'render a declaratory judgment . . . as to the rights and other legal relations of the parties to a justiciable controversy' (CPLR 3001), a motion to dismiss that cause of action should be denied" (Matter of 22-50 Jackson Ave. Assoc., L.P. v County of Suffolk, 216 AD3d 943, 946 [citations and internal quotation marks omitted]; see St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ., 20 NY2d 317, 325; Rockland Light & Power Co. v City of New York, 289 NY 45, 51; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150). "However, upon a motion to dismiss for failure to state a cause of action, a court may reach the merits of a properly pleaded cause of action for a declaratory judgment where no questions of fact are presented. Under such circumstances, the motion to dismiss the cause of action for failure to state a cause of action should be treated as one seeking a declaration in [the] defendant's favor and treated accordingly" (Matter of 22-50 Jackson Ave., Assoc., L.P. v County of Suffolk, 216 AD3d at 947 [citations and internal quotation marks omitted]; see St. Lawrence Univ. v Trustees of Theol. School of St. Lawrence Univ., 20 NY2d at 325; Neuman v City of New York, 186 AD3d 1523, 1525). Here, the complaint adequately set forth a cause of action for declaratory relief, and the insurer's submissions failed to dispel all factual issues regarding the merits of that cause of action (see Skanska USA Bldg. Inc. v Harleysville Ins. Co. of N.Y., 215 AD3d 464, 465; Moore v Ewing, 9 AD3d 484, 488). Accordingly, the Supreme Court properly denied dismissal of the cause of action for a declaratory judgment pursuant to CPLR 3211(a).
However, the Supreme Court should have granted dismissal of the cause of action alleging breach of fiduciary duty pursuant to CPLR 3211(a)(7). "The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Matter of Caton, 206 AD3d 993, 994 [internal quotation marks omitted]). Generally, "'an insurance company does not owe its policyholder a common-law fiduciary duty except when it is called upon to defend its insured'" (Neurological Surgery, P.C. v MLMIC Ins. Co., 208 AD3d 1238, 1240, quoting Fiala v Metropolitan Life Ins. Co., 6 AD3d 320, 322). Further, "'[a] special relationship does not arise out of an ordinary arm's length business transaction between two parties'" (Neurological Surgery, P.C. v MLMIC Ins. Co., 208 AD3d at 1240, quoting High Tides, LLC v DeMichele, 88 AD3d 954, 960). Here, the complaint did not allege facts that would give rise to a fiduciary or special relationship between the plaintiff and the insurer.
The insurer's remaining contention is without merit.
LASALLE, P.J., BARROS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court