Lefruy v Weeks (2025 NY Slip Op 51541(U))

[*1]

Lefruy v Weeks

2025 NY Slip Op 51541(U)

Decided on August 15, 2025

Supreme Court, Queens County

Dunn, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 15, 2025
Supreme Court, Queens County

Yves Lefruy individually and as Administrator of the Estate of CAROLE LAFONTANT, Plaintiffs,

against
Margaret Weeks a/k/a Margarette Bien-Aime Rousseau, AMERICAN GENERAL LIFE INSURANCE COMPANY, and THE UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Defendants.

Index No. 708070/2024

For the Defendants:
Fishkin Lucks LLP 
Attorneys for Defendants American General Life Insurance Company and The United States Life Insurance Company in the City of New York
233 Broadway, Suite 820
New York, New York 10279
By: Steven M. Lucks and Brendan Herrmann 
Attorney for Defendant:
Sunshine, Isaacson, & Hecht, LLP
Attorneys for Defendant Margarette Weeks
390 North Broadway, Suite 200
Jericho, New York 11753
By: Dylan T. Coyne, Esq.
Attorney for Plaintiff:
Law Offices of Lorna A. McGregor, PLLC
128 Stevens Avenue, 2nd floor
Mount Vernon, New York 10550
By: Lorna A. McGregor

Scott Dunn, J.

The e-filed papers bearing NYSCEF Doc. Nos. 8-13, 17, 19, and 20, were read on the motion of the defendants American General Life Insurance Company ("American General") and The United States Life Insurance Company in the City of New York ("US Life") pursuant to CPLR 3211(a)(7) to dismiss the claims of the plaintiffs asserted against them (Mot. Seq. No. 1); and the e-filed papers bearing NYSCEF Doc. Nos. 14, 15, 18, 21 and 22, were read on the motion of American General and US Life pursuant to CPLR 3211(a)(7) to dismiss the cross claim of defendant Margaret Weeks asserted against them (Mot. Seq. No. 2).
I. Background
The plaintiffs Yves Lefruy individually and as Administrator of the Estate of Carole Lafontant (together, the "Plaintiffs") commenced this action on April 15, 2024. In short, the Plaintiffs allege that American General and US Life breached their fiduciary duty to the Plaintiffs by paying the death benefit of the life insurance policy of the decedent Carole Lafontant ("Lafontant"), to the decedent's sister defendant Margaret Weeks ("Weeks"), instead of to Lafontant's son, plaintiff Yves Lefruy ("Lefruy"). Plaintiffs similarly assert a claim for breach of fiduciary duty against Weeks for retaining and refusing to turn over over the proceeds of the life insurance policy to the Plaintiffs and assert an additional claim of unjust enrichment. Plaintiffs further assert a claim for declaratory judgment against the Defendants based upon their alleged breach of fiduciary duties.
More specifically, the complaint (Doc. No. 1) alleges as follows: Lefruy is the son of Lafontant. Weeks is Lefruy's aunt and Lafontant's sister. In or around 2000, Lafontant "entered into a contract for life insurance" with American General and US Life (id. ¶ 13). Lafontant obtained the life insurance contract when Lefruy was 15 years old and Lafontant "inadvertently named [Weeks] as the beneficiary with the designation 'in care of' [Lefruy]" (id. ¶ 17). At the time Lafontant obtained the life insurance policy, "the decedent intended to name [Lefruy] as beneficiary with [Weeks] as trustee" (id. ¶ 18). Lafontant died on February 25, 2022. By decree of the Surrogate's Court of Queens County dated June 5, 2023, Lefruy was appointed Administrator of the Estate of Lafontant. At an unspecified time, Lefruy notified American General and US Life of Lafontant's death and of the existence of the subject insurance policy. American General and US Life released the proceeds of the life insurance policy to Weeks and Weeks has refused to turn over the proceeds to Lefruy. Finally, the complaint alleges that American General and US Life "had a duty to the Plaintiff not to release the proceeds without an investigation into the circumstances surrounding the decedent's purchase of the insurance policy" (id. ¶ 26) and that American General and US Life "knew or should have known that their distribution of the proceeds of the life insurance policy to [Weeks] was a breach of their [*2]fiduciary duty to Plaintiffs" (id. ¶ 31) which include "obligations to exercise good business judgment, to act prudently in the operation of their business, and to act in the best interest of the policy holders and beneficiaries" (id. ¶ 30). Based upon these allegations the Plaintiffs assert a claim for breach of fiduciary duty against American General and US Life and a claim for declaratory judgment that is predicated specifically on American General and US Life's alleged "breach of their fiduciary duty in turning over the proceeds of the life insurance policy purchased by the decedent" (id. ¶ 40).
On July 17, 2024, Weeks filed her answer and cross claim against American General and US Life (Doc. No. 7). In her crossclaim, Weeks asserts a claim for common law and contractual indemnification or in the alternative for "credit reducing the amount of any judgment in favor of Plaintiffs against Defendant [Weeks] to reflect the degree of fault allocated to the settlement Co-Defendant(s)" (id. ¶ 24).
On July 17, 2024, American General and US Life moved pursuant to CPLR 3211(a)(7) to dismiss the complaint as against them (Mot. Seq. No. 1). On August 6, 2024, American General and US Life moved pursuant to CPLR 3211(a)(7) to dismiss the cross claim (Mot. Seq. No. 2).
II. Standard of Review
"On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the nonmoving party the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Soodoo v LC, LLC, 116 AD3d 1033, 1033 [2d Dept 2014]; see also Antoine v Kalandrishvili, 150 AD3d 941 [2d Dept 2017]; Balkheimer v Spanton, 103 AD3d 603 [2d Dept 2013]). However, allegations consisting of bare legal conclusions are not entitled to such consideration (see Doe v Educ. Inst. Oholei Torah, 235 AD3d 843, 844 [2d Dept 2025]; Mackey v Lawrence Union Free School Dist., 225 AD3d 683, 685 [2d Dept 2024]). Applying this standard, the Court addresses each motion, in turn, below. 
III. Discussion
A. Motion Sequence No. 1
In Motion Seq. No. 1, American General and US Life seek dismissal of the Plaintiffs' claim for breach of fiduciary duty and for a declaratory judgment predicated on the alleged breach.
"The elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Celauro v 4C Foods Corp., 187 AD3d 836, 837 [2d Dept 2020] [internal citation and quotations omitted]). Furthermore, "[a] breach of fiduciary duty cause of action must be pleaded with the requisite particularity under CPLR 3016 (b)" (Parekh v Cain, 96 AD3d 812, 816 [2d Dept 2012]; see also Deblinger v Sani-Pine Prods. Co., [*3]Inc., 107 AD3d 659, 660 [2d Dept 2013]).
"Generally, an insurance company does not owe its policyholder a common-law fiduciary duty except when it is called upon to defend its insured" (88-18 Tropical Restaurante Corp. v Utica First Ins. Co., 223 AD3d 772, 774 [2d Dept 2024] [internal citation and quotations omitted]; see also Neurological Surgery, P.C. v MLMIC Ins. Co., 208 AD3d 1238, 1240 [2d Dept 2022]). Further, a special relationship giving rise to heightened duties does not arise out of an ordinary arm's length business transaction between two parties (see 88-18 Tropical Restaurante Corp. 223 AD3d at 774; Neurological Surgery, P.C., 208 AD3d at 1240). Rather, "the general rule [is] that relationship between the parties to a contract of insurance is strictly contractual in nature" (Batas v Prudential Ins. Co. of Am., 281 AD2d 260, 264 [1st Dept 2001]; see also First Keystone Consultants, Inc. v DDR Constr. Servs., 74 AD3d 1135, 1136-1137 [2d Dept 2010] [generally where parties have entered into a contract, courts look to that agreement to discover relationship and obligations of the parties]). Moreover, the general rule that no fiduciary duty exists between an insurer and the policyholder applies to the beneficiary as well (see Teachers Ins. and Annuity Ass'n v Tedeschi, 3 AD3d 671, 673 [3d Dept 2004]; First Keystone Consultants, Inc., 74 AD3d at 1136-1137).
Here, dismissal of the breach of fiduciary duty cause of action is warranted as the Plaintiffs fail to sufficiently plead the existence of a fiduciary or special relationship with American General and US Life and further no duty to defend is implicated. Simply put, the complaint does not plead facts to warrant departure from the general rule that an insurance company does not owe its policyholder or the beneficiary a fiduciary duty (see 88-18 Tropical Restaurante Corp. 223 AD3d at 774; Neurological Surgery, P.C., 208 AD3d at 1240; see also Feldman v Byrne, 210 AD3d 646, 650 [2d Dept 2022] [dismissing breach of fiduciary duty claim because the "allegations in the complaint do not support an inference that a special relationship was created or existed"]; Theaprin Pharms., Inc. v Conway, 137 AD3d 1254, 1255 [2d Dept 2016] [dismissing breach of fiduciary duty claim because the "plaintiffs failed to make specific factual allegations, with respect to some of the defendants, that would establish that those defendants had a fiduciary obligation running to the plaintiffs"]; Swartz v Swartz, 145 AD3d 818, 823 [2d Dept 2016] [dismissing fiduciary duty claim as "the amended complaint failed to plead with the requisite particularity the existence of a fiduciary duty between" the plaintiff and the defendants]; Pike v New York Life Ins. Co., 72 AD3d 1043, 1050 [2d Dept 2010] [dismissing breach of fiduciary duty claim against defendant insurance companies since the "plaintiffs did not allege facts sufficient to demonstrate that the defendants created a special relationship between themselves and the [plaintiffs, the insurance policyholders)"]; Yale M. Fishman 1998 Ins. Trust v Phila. Fin. Life Assur. Co., 2016 US Dist LEXIS 58862, at *28 [SDNY May 3, 2016] [dismissing breach of fiduciary duty claim because the "circumstances . . . do not warrant a departure from the general rule that insurance contracts do not impose a fiduciary duty on the insurer"]).
The sole contention in opposition (Doc. Nos. 12 and 17) that dismissal is premature without discovery is without merit. The "mere hope that discovery may reveal facts essential to justify opposition does not warrant denial" of a motion under CPLR 3211 (Vasquez v Kennedy, 221 AD3d 936, 939 [2d Dept 2023]; Long Is. Med. Anesthesiology, P.C. v Rosenberg Fortuna & [*4]Laitman, LLP, 191 AD3d 864, 867 [2d Dept 2021]; Karpovich v City of NY, 162 AD3d 996, 998 [2d Dept 2018]). Here, the Plaintiffs did not make a sufficient showing that facts essential to justify opposition to the instant motion could be yielded during discovery. As such, the Plaintiffs cause of action for breach of fiduciary duty against American General and US Life must be dismissed.
Finally, the Plaintiffs' cause of action for declaratory judgment as against American General and US Life must also be dismissed. Where, as here, the complaint fails to state a claim for breach of fiduciary duty, the claim for declaratory judgment based expressly on the alleged breach of fiduciary duty must also fail (see Roslyn Union Free Sch. Dist. v Barkan, 71 AD3d 660, 661 [2d Dept 2010]; Core-Mark Intl. v Swett & Crawford Inc., 71 AD3d 1072, 1073 [2d Dept 2010]; Tadco Constr. Corp. v Gen. Contractors Assn. of New York, Inc., 223 AD3d 445 [1st Dept 2024]). Accordingly, since the Plaintiffs' two causes of action against American General and US Life fail, the complaint must be dismissed as against these defendants.
B. Motion Sequence No. 2
The Court now turns to Motion Seq. No. 2, in which American General and US Life seek dismissal pursuant to CPLR 3211(a)(7) of Defendant Weeks' cross claim for common law and contractual indemnification or in the alternative for a "credit reducing the amount of any judgment" (see Doc. No. 7 at ¶ 24).
Common law indemnification is "a quasi-contract claim in which a contract is implied in law in order to avoid unjust enrichment, accomplished by shifting a loss by placing the obligation where in equity it belongs" (Murray Bresky Consultants, Ltd. v New York Compensation Manager's Inc., 106 AD3d 1255, 1258 [3d Dept 2013] [internal citation and quotations omitted]; see also Hasbrouck v City of NY, 2014 NY Slip Op 33651[U], *15 [Sup Ct, New York County 2014]; Omni El. Corp. v Intl. Union of El. Constructors, 2021 US Dist LEXIS 161991, at *17 [WDNY Aug. 26, 2021]; CSC Scientific Co. v Manorcare Health Servs., 867 F Supp 2d 368, 377 [SDNY 2011]). However, "an indemnity cause of action can be sustained only if the third-party plaintiff and the third-party defendant have breached a duty to plaintiff and also if some duty to indemnify exists between them" (Rosado v Proctor & Schwartz, Inc., 66 NY2d 21, 24 [1985] [internal citation and quotations omitted]).
Here, the cross claim cannot survive since as set forth above, the Plaintiffs' two claims, including the claim for breach of fiduciary duty is not sufficiently pled (see Rosado, 66 NY2d at 24 [an indemnity cause of action can only be sustained "if the third-party plaintiff and the third-party defendant have breached a duty to plaintiff and also if some duty to indemnify exists between them"]; see also Kaufman v P&G Brokerage Inc., 82 Misc 3d 887, 901 [Sup Ct, Kings County 2024]). The cross claim must also be dismissed for the separate reason that Weeks does not plead the existence of any duty owed to her by American General and US Life (see Pinkesz Mut. Holdings, LLC v Pinkesz, 198 AD3d 693, 698 [2d Dept 2021] [dismissing certain defendants' cross claims for common-law indemnification since no allegation was made that any duty was owed to them by the co-defendant, which is an "essential element" of a claim sounding in common law indemnification]). Finally, the cross claim for common law indemnification [*5]cannot survive for the independent reason that the complaint asserts that Weeks' liability, if any, is predicated on her own wrongdoing, and not on vicarious liability for the conduct of American General and US Life. "Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious" (Balladares v Southgate Owners Corp., 40 AD3d 667, 671 [2d Dept 2007]). Therefore, "it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine" (Desena v N. Shore Hebrew Academy, 119 AD3d 631, 635 [2d Dept 2014] [internal citation and quotations omitted]; see also Praxis Intl. Corp. v Prime All. Group, Ltd., 202 AD3d 840, 841 [2d Dept 2022]; Hamed v City of New York, 186 AD3d 677, 679 [2d Dept 2020]; Richards v Passarelli, 77 AD3d 905, 908 [2d Dept 2010]). Accordingly, here, the common law indemnification claim cannot stand as Weeks's alleged liability is based on her participation to some degree in the alleged wrongdoing.
Weeks' cross claim for contractual indemnification also fails since Weeks does not allege a contractual relationship between her and American General and US Life or for that matter an indemnification agreement at all (see Razdolskaya v Lyubarsky, 160 AD3d 994, 998 [2d Dept 2018] [as defendant "did not allege the existence of a contractual relationship between him and the [co-defendants], who were not his clients, he failed to state a cause of action for contractual indemnification"]; Martins v Little 40 Worth Assoc., Inc., 72 AD3d 483, 484 [1st Dept 2010] ["Entitlement to full contractual indemnification requires a clear expression or implication, from the language and purpose of the agreement as well as the surrounding facts and circumstances, of an intention to indemnify"]).
Finally, Weeks' cross claim for a "credit reducing the amount of any judgment in favor of Plaintiffs against Defendant to reflect the degree of fault allocated to the settlement Co-Defendant(s)" (Doc. No. 7 at ¶ 24), is not viable. The relief requested is tantamount to an affirmative defense under General Obligations Law § 15—108 against the Plaintiffs—not a cross claim against American General and US Life (see Whalen v Kawasaki Motors Corp., 92 NY2d 288, 291 [1998]; Vargas v Crown Container Co., Inc., 155 AD3d 989, 989 [2d Dept 2017]; Ward v City of Schenectady, 204 AD2d 779, 780 [3d Dept 1994]). Accordingly, the claim must be dismissed.
Weeks' sole argument in opposition (Doc. No. 18 ¶ 8-9) that the dismissal motion is premature is without merit as the "mere hope that discovery may reveal facts essential to justify opposition does not warrant denial" of a motion under CPLR 3211 (Vasquez v Kennedy, 221 AD3d 936, 939 [2d Dept 2023]; Long Is. Med. Anesthesiology, P.C. v Rosenberg Fortuna & Laitman, LLP, 191 AD3d 864, 867 [2d Dept 2021]; Karpovich v City of NY, 162 AD3d 996, 998 [2d Dept 2018]). Indeed, Weeks makes no showing that facts essential to justify opposition could be yielded during discovery. Weeks' contention that the prematurity of the motion is evidenced by American General and US Life's service of discovery demands is of no avail. American General and US Life served discovery demands to preserve their rights under the deadlines of the Preliminary Conference Order dated August 7, 2024 (see Doc. Nos. 16 and 21), and, in any event, is not a concession that the motions cannot be decided as a matter of law at this time.
IV. Conclusion
For the reasons set forth above, it is hereby,
ORDERED that the motion of American General and US Life to dismiss the complaint as against them is granted (Motion Seq. No. 1); and it is further,
ORDERED that the motion of American General and US Life to dismiss the cross claim of Weeks as against them is granted (Motion Seq. No. 2).
This constitutes the Decision and Order of the Court.
Dated: August 15, 2025
Long Island City, New York
SCOTT DUNN, J.S.C.